## EVERETT *v.* STATE.

### (*Knoxville*, September Term, 1944.)

Opinion filed December 2, 1944.

HOBART F. ATKINS, of Knoxville, and A. L. Fox, of Clinton, for defendant-plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

.Defendant, who appeals, was convicted of the unlawful possession of intoxicating liquor in Anderson County, and his punishment fixed at a fine of $100 and 30 days in jail. His motion for new trial being overruled, he has assigned errors and perfected his appeal.

The facts are not disputed and may be briefly stated. A highway patrolman swore out a "John Doe" warrant to search the premises known as the Star Dust Cafe in

Anderson County, Tennessee. Armed with this warrant, the affiant and another patrolman searched the premises named and found a case containing 24 pints of whisky. The defendant was not on the premises at the time the search was made. After the confiscation of the whisky, a warrant was sworn for the arrest of the defendant, and at the time of the service of the last warrant defendant admitted ownership of the confiscated whisky.

The only assignment of error which need be considered on the appeal, is directed at the sufficiency of the allegations in the search warrant to make out "probable cause" and justify its issuance.

The affidavit for the warrant is on a printed form, in four sections or counts as follows:

"State of Tennessee

"Anderson County

"Before *E. R. West*, a Justice of the Peace for Anderson County, Tennessee

"Affidavit for Search Warrant

"Section One

"I, *Roy Purkey*, make oath that I am a *Highway Patrolman* duly elected, appointed and qualified as such in said State and county; that on the 23 day of September 1943, I received information from ——, a responsible and reliable citizen of said state and county, whose name I have this day disclosed to the Magistrate to whom this application is made, that *John Doe (Alias)* who resides in or occupies and is in possession of the following described premises, viz.: *Star Dust, located on right side of Highway #25W about seven miles (7) from city Limits of Clinton, being on said highway leading from Clinton to Knoxville, Tennessee,* located in Anderson County, Tennessee, now has in *his* possession in the building described on said premises certain intoxicating liquors which the

said *John Doe (Alias)* is unlawfully keeping in *his* possession and under *his* control in violation of law as made and provided in such cases.

"Section Two

"Affiant further states that said informant advised him that on the *23* day of ———, *1943*, he, the said informant was on the said premises of the said *John Doe (Alias)* and while there: He saw intoxicating liquors in the hand and on the person of the said *John Doe (Alias)*. He saw intoxicating liquors being sold on said premises.

"Section Three

"Affiant further states that said informant advised him that within the last *five* days he has frequently observed the habits of the said *John Doe (Alias)*, and the manner in which he conducts said premises, and that within said time: That said *John Doe (Alias)* has no regular calling and bears the reputation of a bootlegger; and said premises are generally known as a place where intoxicating liquors are illegally kept and sold.

"Section Four

"Affiant further states that said informant advised him as follows: ——— Wherefore, as such officer acting in performance of my duty in the premises I pray the Court issue a warrant authorizing the search of the person of the said *John Doe (Alias)* and the premises herein described for said intoxicating liquors and that such search to be made either by day or night.

"Roy T. Purkey, Sheriff

"Sworn to and subscribed before me this *24th* day of *September*, *1943*.

"E. R. West, Justice of the Peace."

(Script in italics, and the rest of the affidavit is on a printed form.)

Since this is a John Doe affidavit and warrant, it has no value and information about any person whatever, and its evidence is confined to the *location* of intoxicating liquor of unknown ownership. Attack is made on the omission of the month in section 2, where it appears:

"Affiant further states that said informant, (who is anonymous) advised him on the 23 day of ———, 1943."

In the case of *Welchance* v. *State*, 173 Tenn. 26, 28, 114 S. W. (2d) 781, which seems practically identical with the case before us, the rule was stated to be:

"In a case such as the one on trial, it is essential that the date on which the alleged offense was committed be stated in the affidavit in order that the magistrate may determine whether probable cause exists for the issuance of the warrant."

This statement of the law is supported by a wealth of authority from other states, and these decisions are set out and discussed at some length in the *Welchance Case*, *supra*.

From the affidavit for the warrant before us, the liquor might have been seen by the officer's informant on the premises to be searched on the 23rd day of any month of the year 1943, between January and September, a period of eight months. The fact that whisky was bought on April 15th, afforded no probable cause for issuing a warrant on the succeeding 21st of June, a little more than two months after the purchase. *People* v. *Chippewa Circuit Judge*, 226 Mich. 326, 197 N. W. 539.

"The supporting affidavit must relate to facts which tend to show an unlawful situation actually or probably existing *at the moment*" (of the issuance of the warrant). *Sgro* v. *United States*, 287 U. S. 206, 215-216, 53 S. Ct. 138, 142, 77 L. Ed. 260, 85 A. L. R. 108.

It is, however, insisted by the State that the warrant is to be viewed as a whole and that so viewed and taking all its allegations into consideration, the question of whether probable cause was or was not shown was one on which the minds of reasonable men might differ. That the magistrate issuing the warrant was in the performance of a judicial function, (*Seals* v. *State*, 157 Tenn. 538, 11 S. W. (2d) 879) and that this Court will review his issuance of the warrant only if it appears that such action was unsupported by material evidence. *Gallimore* v. *State*, 173 Tenn. 178, 181, 116 S. W. (2d) 1001.

We reaffirm the statement of the limited function of this Court set out in the *Gallimore Case, supra,* but hold under the rules stated in the *Welchance Case, supra,* that a statement of the date of the observation of the offense committed is essential, and if no such date is stated in the affidavit for the search warrant, that in that event the issuance of such warrant by the magistrate was unsupported by an essential element of material evidence, and this Court will review his actions and nullify the warrant.

It is also the State's contention that the officers did not know that the place searched belonged to the defendant as owner or tenant; that if he had no proprietary interest in the place, no constitutional right of his was violated by the search, and the conviction should be affirmed on (1) the finding of the liquor, and (2) defendant's subsequent admission of ownership. We cannot agree with this contention because both officers who made the search, testified that although they did not know positively, they had been informed and had reason to believe that the place searched was "the place of business of the defendant." They knew, therefore, or should have known

as officers, that an affidavit and warrant in regular form was necessary for a legal search.

 The use of printed forms has made the procurement of a search warrant the merest formality, considering the fundamental constitutional right which the search invades. Certainly, this Court can do no less than to require that the few blank spaces be filled in, and the other details of the formality be carried out with care and precision.

The judgment is reversed and the case remanded.