## MINTON *v.* STATE.

*(Knoxville,* Sept. Term 1947 (May Session 1948).)

Opinion filed June 12, 1948.

DAVID B. ROGERS, of LaFollette, for plaintiff in error.

Nat Tipton, Assistant Attorney General for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

Defendant, Rhoda Minton, has appealed to this Court from a conviction for possessing intoxicating liquor, the jury imposing a fine of $100, to which the Trial Judge added a jail sentence of sixty days.

Defendant was the owner of a combination dance hall and residence on Highway 22-W in Campbell County. This place seems to have been a two-story building, the lower floor being used for the dance hall and the upstairs used for residential purposes. On the night in question the Sheriff and six deputies, armed with a search warrant, went to defendant's premises to search for intoxicating liquor. They arrived between two and three o'clock on the morning of August 24, 1947, and found defendant in bed, and when the Sheriff spoke to her she raised up and he read the warrant to her. They searched the premises and did not find any liquor at that time. The evidence shows that defendant lived upstairs and a beer joint was operated by another person downstairs. Defendant had been previously convicted on a charge of selling intoxicating liquor and her beer license had been revoked. After searching the premises occupied by defendant, the officers arrested some other parties for gambling downstairs, and the Sheriff took them to jail, leaving some of his deputies in charge.

Deputy Sheriff Raymond Hatmaker testified that while the Sheriff was away, one Billingsley, who claimed to stay at this place, appeared upon the scene and asked the officers' permission to make a pot of coffee; that this permission was granted to him and he went back toward

that part of the building in which defendant roomed; that a short time later his attention was attracted by Billingsley running from the direction of defendant's room and down the steps toward the outside of the building; that he followed and came upon him breaking several bottles of whisky against a tree in the yard.

Defendant did not testify in her own behalf in the lower court.

■ The principal insistence made by the assignments of error filed on behalf of defendant is as to the validity of the search warrant. The affidavit and warrant appear on the same printed form, and the affiant makes the statement in the affidavit that "information by a reliable person disclose to the issuing magistrate that whisky had been sold August 23, 1947." The warrant was dated the same date. The affiant makes the further statement in the affidavit that defendant "is now in unlawful possession . . . of intoxicating liquor," and that "said liquor is now located" on the premises described. The printed portion of the affidavit taken in connection with that part written in longhand discloses the definiteness of the information and renders inapplicable the cases of *Welchance* v. *State*, 173 Tenn. 26, 114 S. W. (2d) 781, and *Everett* v. *State*, 182 Tenn. 22, 184 S. W. (2d) 43.

The further insistence is made that the description of the premises to be searched contained in the warrant proper is too indefinite and vague. As before stated, the affidavit and warrant are on the same printed form, with the blanks filled in.

We have no case dealing with the question of whether or not an affidavit containing a sufficient description may be looked to to supply an inadequate description in the warrant proper where the two form but one instrument, in the absence of a specific reference thereto.

In *Willingham* v. *Potter*, 131 Tenn. 18, 173 S. W. 434, 435, it was held that where the certificate of acknowledgment to a deed omitted the words "the within named bargainor," the matter might be looked to to show that the acknowledging party was in fact the within named bargainor. We do not think this rule should be extended to search warrants.

In *Jackson* v. *State*, 153 Tenn. 431, 440, 284 S. W. 356, 358, it was said:

"The warrant must also describe the premises to be searched, and must state what specific property is to be searched for, whether intoxicating liquors, automobile tires, jewelry, clothing, or other articles.

"The statute is plain and unambiguous, and there is no reason why it cannot be easily complied with by those swearing out search warrants." See Williams' Code, sec. 11902.

The affidavit is not a part of the warrant. *Hampton* v. *State*, 148 Tenn. 155, 252 S. W. 1007. Constitutional rights are involved and the requirements of the statute should in every material detail be held mandatory. The warrant under consideration did not expressly adopt the description in the affidavit.

For the reasons stated, the judgment of the lower court is reversed and the case is remanded.

All concur.