RAY TALLEY

*v.*

STATE OF TENNESSEE.

(*Nashville,* December Term, 1960.)

Opinion filed April 5, 1961.

MILLARD V. OAKLEY, Livingston, for plaintiff in error.

WALKER T. TIPTON, Assistant Attorney General, for the State.

MR JUSTICE FELTS delivered the opinion of the Court.

The officers (a constable, a deputy sheriff, and two members of the State Highway Patrol) searched Ray Talley's premises and found in his dwelling house a quantity of sugar and in his smokehouse some mash and malt corn such as is commonly used in manufacturing liquor.

Upon the evidence thus obtained by the search, Talley was indicted, tried and convicted of unlawful possession of apparatus for the purpose of manufacturing intoxicating liquors, and sentenced to pay a fine of $150 and to serve 30 days in jail.

He appealed in error and insists that the Trial Judge erred in admitting the evidence on which the conviction rests, because such evidence had been procured by an illegal search, since the search warrant under which the officers acted failed to comply with the requirements of Chapter 241, Public Acts of 1959 (T.C.A. sec. 40-518), which provides:

"Section 1. *Be it enacted by the General Assembly of the State of Tennessee,* That all magistrates, clerks of courts, judges and any other person or persons whomsoever issuing search warrants shall prepare an original and two exact copies of same, one of which shall be kept by him as a part of his official records, and one of which shall be left with the person or persons on whom said warrant is served. The original search warrants shall be served and returned as provided by law. The person or persons as afosesaid who issue said warrants shall endorse the warrants showing the hour, date, and the name of the officer to whom the warrants were delivered for execution, and the exact copy of such warrant and the endorsement thereon, shall be admissible in evidence in the Courts.

"Section 2. *Be it further enacted,* That failure to comply with Section 1 hereof shall make any search conducted under said warrant an illegal search and seizure.

"Section 3. *Be it further enacted,* That this Act shall take effect from and after its passage, the public welfare requiring it" (passed March 13, 1959).

The search warrant, under which the search was made and the evidence obtained, is copied into and made part of the bill of exceptions. It was dated October 18, 1959, and signed by Paul Johnson, Justice of the Peace. It was addressed to "The Sheriff Or Any Lawful Officer Within Or Of Said County". The officer's return was dated October 18, 1959, and was signed by "H. Peterman, D.S.", who seems not to have been one of the officers present at the making of the search.

But the search warrant contained no endorsement made on it by the justice "showing the hour, the date, and the name of the officer to whom the warrant was delivered for execution." Nor does it appear that the justice otherwise complied with the provisions of the statute requiring him to make two copies of the warrant, one to be kept as his official record and the other to be left with the person on whom the warrant was served.

The minute entry of the judgment recites that defendant's objections to the search warrant, and to the evidence obtained under it, were overruled because the Trial Court was of opinion that the requirement of the statute that the person who issues the search warrant "shall endorse the warrant showing the hour, date, and name of the officer to whom the warrant was delivered for execution," was "an unreasonable requirement," and that the warrant, showing on its face that it was issued to the sheriff of any lawful officer, was "a substantial and sufficient compliance with the law."

In so holding, we think the learned Trial Judge erred. This statute was within the constitutional power of the Legislature, and it seems a reasonable and valid legislative declaration designed to supplement the provisions of our Constitution and of our statutes protecting citizens against unreasonable searches and seizures. Its intent no doubt was to secure the citizen against carelessness and abuse in the issuance and execution of search warrants. As said nearly 40 years ago by Mr. Justice Cook in *Hampton v. State,* 148 Tenn. 155, 161, 252 S.W. 1007, 1008:

"There is no writ more calculated to be abused in its use than the search warrant, for with it any home

may be entered and the inmates disturbed, humiliated, and degraded. To prevent such a possibility from false informants made to officers inspired by overzeal, or acting from expediency, or obeying the command uttered by a mob impulse, the provisions of the Constitution and statutes found force and command observance.''

It appears the legislative intent was to secure strict compliance with the requirements of section 1 of the Act; for section 2 provided that failure of such compliance ''shall make any search conducted under said warrant an illegal search and seizure.'' Words could not be plainer, and they are mandatory. *Minton v. State,* 186 Tenn. 541, 544, 212 S.W.2d 373; Cf. *McDonald v. State,* 195 Tenn. 282, 284, 295 S.W.2d 524.

So, we think the search warrant was void, the search illegal, and the evidence obtained thereby inadmissible, and the conviction based thereon must be reversed and the case remanded.