

 Charles W. Burson, Atty. Gen., C. Anthony Daughtrey, Asst. Atty. Gen., Nashville, David G. Ballard, Dist. Atty. Gen., Steven R. Hawkins, Asst. Dist. Atty. Gen., Maryville, for appellant.

Charles Dungan, Maryville, for appellees.

**STATE of Tennessee, Appellant,**

v.

**Janis GAMBREL and Theron Gambrel, Appellees.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 28, 1989.

Permission to Appeal Denied by Supreme Court Jan. 2, 1990.

OPINION

SCOTT, Judge.

The state has appealed from the judgment of the trial court granting a motion to suppress the fruits of a search pursuant to a search warrant.[1] The trial judge found that the issuing magistrate failed to retain an exact copy of the search warrant as required by Rule 41(c), Tenn.R.Crim.P., in that the copy retained by the magistrate was "not legible enough to comply with this rule." The trial judge found that there was no evidence that the original search

---

1. The trial judge also dismissed the indictments in these cases.

warrant was altered in any way after issuance. Further, he found that there was no prejudice to the appellees from the failure of the magistrate to retain a copy of the search warrant. The state contends that the suppression was improper. Naturally, the appellees contend that it should be affirmed.

Rule 41(c), Tenn.R.Crim.P., provides in pertinent part as follows:

> The magistrate shall prepare an original and two exact copies of the search warrant, one of which shall be kept by him as a part of his official records, and one of which shall be left with person or persons on whom the search warrant is served. The magistrate shall endorse upon the search warrant the hour, date, and name of the officer to whom the warrant was delivered for execution; and the exact copy of the search warrant and the endorsement thereon shall be admissible evidence. Failure of the magistrate to make said original and two copies of the search warrant or failure to endorse thereon the date and time of issuance and the name of the officer to whom issued, or the failure of the serving officer where possible to leave a copy with the person or persons on whom the search warrant is being served, shall make any search conducted under said search warrant an illegal search and any seizure thereunder an illegal seizure.

In this case the search warrant, the affidavit for the search warrant and the warrant were executed using printed forms. They were handwritten with carbon paper being used between the copies. Either because a felt tip pen was used or because the carbon paper was worn, the written portion of the issuing judge's copy of the affidavit and search warrant is barely legible. There is no issue concerning the legibility of either the original search warrant, which is in the record, or the copy left with the appellees, which is not. The only copy about which there is a controversy is the one retained by the judge.

The trial judge found that because the copy retained by the judge was illegible, it was not an "exact" copy and, therefore, the exclusionary provision of the rule required the suppression of the evidence seized pursuant to the warrant.

The purpose of having the magistrate retain a copy of the search warrant is to insure the purity of the search process. For example, any alteration of the original warrant can be detected by comparison with the copy retained by the magistrate. The copy retained by the magistrate also gives the judge control to insure that the warrant is executed and returned to the magistrate in a timely manner, as required by T.C.A. § 40–6–107.[2]

In this case the written portion of the search warrant is very dim. Nevertheless, by using an ordinary copying machine we were able to make a somewhat enhanced copy. No doubt if there was some question about the authenticity of one of the copies, a crime laboratory could enhance the copy sufficiently to make it legible.[3]

Given the fact that there has been no question raised concerning the authenticity of the original warrant and no allegation of prejudice to the appellees, we hold that the written copy retained by the magistrate is a sufficient "exact copy" to comply with Rule 41(c), Tenn.R.Crim.P.

The judgment suppressing the fruits of the search and dismissing the indictments in these cases is reversed and remanded to the trial court. The prosecution is reinstat-

---

**2.** This section requires that a search warrant be executed and returned to the magistrate by whom it was issued within five days after its date. After that time, unless executed, it is void.

**3.** Of course, any issue regarding the authenticity of the warrant would normally be directed to the original warrant or the copy left with the one to be searched, not with the copy retained by the magistrate. The copy retained by the magistrate would normally be used to test the authenticity of the original, rather than vice versa. In either event, it is scientifically possible to enhance this copy to allow judicial scrutiny of its contents.

ed for further proceedings.[4]

JONES and REID, JJ., concur.

4. It is anticipated that this case will alert magistrates, court clerks and law enforcement officers executing affidavits and search warrants to the problems which can arise from the making of inadequate copies. In this modern age, with copying machines available in even the most rural courthouses, there is no reason for this problem to arise again.