IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 7, 2001 Session

## STATE OF TENNESSEE v. EDWARD D. COFFEE

**Appeal from the Court of Criminal Appeals**
**Criminal Court for Wilson County**
**No. 98-0018     J. O. Bond, Judge**

---

**No. M1998-00472-SC-R11-CD - Filed August 29, 2001**

---

Edward D. Coffee was indicted for possession of certain controlled substances with intent to sell and possession of drug paraphernalia. Because the judicial commissioner failed to make and retain an exact copy of the original search warrant as required by Tennessee Rule of Criminal Procedure 41(c), the trial court suppressed the evidence recovered in the search and dismissed the indictment. The Court of Criminal Appeals affirmed the trial court's judgment, and we now also affirm.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., FRANK F. DROWOTA, III, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Lucian D. Geise, Assistant Attorney General, Tom P. Thompson, Jr., District Attorney General, David E. Durham, Assistant District Attorney General, for the appellant, the State of Tennessee.

Hugh Green, Lebanon, Tennessee, for the appellee, Edward D. Coffee.

### OPINION

#### I. Facts and Procedural History

On December 6, 1997, Detective Steven N. Lowery applied for a search warrant from a Wilson County judicial commissioner. Lowery's affidavit stated that on the previous day, a confidential informant had been fitted with an electronic monitoring device and given $70. It further stated that the informant then purchased marijuana from Edward D. Coffee, the appellee.

The commissioner issued the search warrant, and Lowery and others executed it. From Coffee's residence, they confiscated $2,423, $125 in food stamps, and several plastic bags containing cocaine powder and marijuana.

Coffee filed a motion to suppress the seized evidence, alleging several violations of Tennessee Rule of Criminal Procedure 41(c). The motion included an allegation that "the Judicial Commissioner issuing the warrant failed to keep an exact copy of the original of said search warrant as part of his official records as required by Rule 41(c)." The assistant district attorney stipulated that this allegation was true. The trial court found that the failure to make copies of the warrant violated one of the mandatory provisions of Rule 41(c) and granted the motion to suppress. Because no other evidence existed upon which to prosecute Coffee, the trial court dismissed the indictment. The State appealed, and the Court of Criminal Appeals affirmed. We granted review to determine whether the judicial commissioner's failure to make and retain an exact copy of the original search warrant requires suppression of the evidence seized. We hold that it does, and accordingly, we affirm the judgment of the Court of Criminal Appeals.

## II. Standard of Review

"When reviewing a trial court's ruling on a motion to suppress, '[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact.'" State v. Carter, 16 S.W.3d 762, 765 (Tenn. 2000) (quoting State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996)). "[W]hen a trial court's findings of fact at a suppression hearing are based on evidence that does not involve issues of credibility, a reviewing court must examine the record de novo without a presumption of correctness." State v. Binette, 33 S.W.3d 215, 217 (Tenn. 2000). In either case, "'[t]he application of the law to the facts . . . is a question of law which this Court reviews de novo.'" Carter, 16 S.W.3d at 765 (quoting State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997)). The question whether Rule 41(c) of the Tennessee Rules of Criminal Procedure requires suppression of the evidence in this case is a question of law which we review de novo with no presumption of correctness afforded to the judgment of the court below.

## III. Analysis

Rule 41 of the Tennessee Rules of Criminal Procedure authorizes a search and seizure of private property if such property is evidence of the commission of a criminal offense, was obtained by criminal action, or is intended for use in committing a criminal offense. Subsection (c) provides in pertinent part,

> If the magistrate is satisfied that grounds for the application [for a search] exist or that there is probable cause to believe that they exist, the magistrate shall issue a warrant identifying the property and naming or describing the person or place to be searched. . . . The magistrate shall prepare an original and two exact copies of the search warrant, one of which shall be kept by the magistrate as a part of his or her official records, and one of which shall be left with person or persons on whom the search warrant is served. . . . Failure of the magistrate to make said original and two copies of the search warrant

-2-

or failure to endorse thereon the date and time of issuance and the name of the officer to whom issued, or the failure of the serving officer where possible to leave a copy with the person or persons on whom the search warrant is being served, <u>shall make any search conducted under said search warrant an illegal search and any seizure thereunder an illegal seizure</u>.

(Emphasis added.) Thus, the rule not only requires probable cause to issue a search warrant, it also imposes specific procedural safeguards.

These procedural safeguards are intended "to secure the citizen against carelessness and abuse in the issuance and execution of search warrants." <u>Talley v. State</u>, 345 S.W.2d 867, 869 (Tenn. 1961).[1]

"There is no writ more calculated to be abused in its use than the search warrant, for with it any home may be entered and the inmates disturbed, humiliated, and degraded. To prevent such a possibility from false informants made to officers inspired by overzeal, or acting from expediency, or obeying the command uttered by a mob impulse, the provisions of the Constitution and statutes found force and command observance."

<u>Id</u>. (quoting <u>Hampton v. State</u>, 252 S.W. 1007, 1008 (Tenn. 1923)). The provision at issue, that a magistrate prepare and retain a copy of the search warrant, endeavors to prevent improper searches and facilitate judicial review of whether a search was executed within the scope of the warrant. The rule achieves its goals in that a written record of the specifics of the search stifles the ever-present temptation for an officer to conduct a search and justify it later.[2] Additionally, the copy of the warrant enables review of the original boundaries of a search; without an exact copy of the warrant, review is compromised because the critical facts and details of the warrant cannot be precisely determined.[3] It is for these reasons that it is important to retain an exact copy of the warrant identifying the property or person to be searched, and it is for these same reasons that this requirement has been strictly enforced by our courts for many years. <u>See</u> <u>Talley</u>, 345 S.W.2d at 868;

---

[1] When <u>Talley</u> was decided, the requirements now found in Rule 41(c) were codified at Tenn. Code Ann. § 40-518 (1959).

[2] <u>See</u> <u>United States v. Chadwick</u>, 433 U.S. 1, 10, 97 S. Ct. 2476, 2482, 53 L. Ed. 2d 538 (1977) ("Once a lawful search has begun, it is also far more likely that it will not exceed proper bounds when it is done pursuant to a judicial authorization 'particularly describing the place to be searched and the persons or things to be seized.'")

[3] <u>See</u> Wayne R. LaFave, <u>Search and Seizure</u>, § 4.3 (a) & (b) (3d ed. 1996); Note, <u>The Constitutionality of the Use of Unrecorded Oral Testimony to Establish Probable Cause for Search Warrants</u>, 70 Va. L. Rev. 1603, 1610-15 (1984).

State v. Brewer, 989 S.W.2d 349, 353-54 (Tenn. Crim. App. 1997); State v. Steele, 894 S.W.2d 318, 319 (Tenn. Crim. App. 1994).[4]

As stated in Talley, "'Words could not be plainer, and [the procedural safeguards against abuse] are mandatory.'" 345 S.W.2d at 869 (citation omitted). Accordingly, the judicial commissioner's failure to make and retain a copy of the search warrant so that a record of the precise limits of the search could be maintained requires suppression of the evidence seized.

## IV. Conclusion

For the foregoing reasons, we conclude that the judgment of the Court of Criminal Appeals should be, and is, hereby, affirmed. Costs of this appeal are taxed against the State of Tennessee for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE

---

[4]See also State v. Gambrel, 783 S.W.2d 191, 192 (Tenn. Crim. App. 1989) (upholding the search because the copy created was found sufficient).