IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 23, 2003 Session

## STATE OF TENNESSEE v. WILLIE IRA POTEAT, JR.

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S45,342     Phyllis H. Miller, Judge**

**No. E2003-00314-CCA-R3-CD**
**October 17, 2003**

The Defendant, Willie Ira Poteat, Jr., was indicted by the Sullivan County Grand Jury for possession of more than 26 grams of cocaine for resale and criminal conspiracy to sell more than 26 grams of cocaine. The Defendant filed a motion to suppress evidence taken during the execution of a search warrant, which the trial court denied. Thereafter, the Defendant entered a plea of nolo contendere to the charges against him, reserving the right to appeal a certified question of law regarding the trial court's ruling on the suppression issue. We now address the Defendant's appeal based upon this certified question of law.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

William A. Kennedy, Blountville, Tennessee, for the appellant, Willie Ira Poteat, Jr.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Braden H. Boucek, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and J. Lewis Combs, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

The parties stipulated to the facts that occurred on the day the search warrant in this case was executed, and the following facts are taken from that stipulation. The Detective executing the search warrant, Bryan Bishop, entered a residence that was "being resided in or occupied and possessed by Ronnie Nasser and a heavy set black male known as 'Biggie'" to search for "certain property . . . [including] [c]ocaine, currency, lists of names, monies, amounts of drugs sold or fronted, address or phone books or lists of same, photographs, video recordings, titles or financial documents, documents relating to the rental, purchase, or occupancy of real estate or services for same, tax returns . . . ." The residence searched was owned by Nassar and the Defendant, who was the male

listed in the search warrant as "Biggie" and who paid many of the bills at that residence as "part of his staying there."

Upon entering the residence, the Detective gave a copy of the search warrant to Nasser, a co-defendant, in the presence of Joyce Fleenor, another co-defendant. The Defendant was not given a copy of the search warrant nor was he in the room when Nasser was given a copy. At the time of the execution of the search warrant, the Defendant was in "another room." Later, the SWAT team entered the room in which the Defendant was located and handcuffed the Defendant. The Detective read the Defendant Miranda warnings.

The Defendant filed a motion to suppress the evidence found pursuant to the search and the statement that he gave to police subsequent to the search, claiming that the search was illegal because police violated Tennessee Rule of Criminal Procedure 41, which governs the execution of search warrants, and that his statement was "fruit of the poisonous tree." At the hearing on the motion to suppress, the parties made the aforementioned stipulation. Additionally, the Detective testified that, during the search, the evidence collected was kept on the "evidence recovery log," a copy of which he attached to the copy of the search warrant left with Nasser. The Detective also testified that he did not give a copy of the evidence recovery log to the Defendant. After the hearing, the trial court denied the Defendant's motion, and the Defendant pled nolo contendere to the charges against him, reserving a certified question of law regarding the trial court's denial of his motion to suppress. Thereafter, the trial court sentenced the Defendant to two concurrent ten year sentences. The Defendant now appeals.

## II. Certified Question of Law

The Defendant contends that because he was a named person who was to have resided, occupied, and been in possession of the premises described in the search warrant, that he was required to get a copy of the search warrant and that, because he did not receive a copy, the search was illegal. Because this appeal comes before us as a certified question of law, pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure, we must first determine whether the question presented is dispositive. Tennessee Rule of Criminal Procedure 37(b) provides, in pertinent part, that:

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction . . . upon a plea of guilty [if] . . . [the] Defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case and the following requirements are met:
>
> (A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by the defendant for appellate review;

(B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
(C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
(D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

Tenn. R. Crim. P. 37(b)(2); see State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). The record evinces that all of the requirements of Rule 37 are clearly met, and the only issue about which discussion is necessary is whether the certified question of law is dispositive of the case. We have stated that a dispositive issue is one where the appellate court "must either affirm the judgment or reverse and dismiss. A question is never dispositive when [the appellate court] might reverse and remand for trial . . . ." State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984).

The certified question of law, as stated in the judgment of the lower court, is:

That the Trial Judge erred in denying defendant's motion to suppress evidence and statements obtained by the Second Judicial District Drug Task Force while executing a search warrant on June 23, 2001. The defendant contends that the evidence and statements were obtained illegally in that the officers executing the search warrant did not comply with the provisions of the Rules of Criminal Procedure 41(c) and (d). Specifically, the officers failed to serve or read a copy of the search warrant on the defendant and did not leave the defendant a receipt for the seized property.

The State, the Defendant, and the trial court all opined that these issues are dispositive of the case, and we agree. Accordingly, we now address whether the trial court erred when it denied the Defendant's motion to suppress.

### III. Motion to Suppress

The Defendant contends that the trial court erred when it denied his motion to suppress evidence obtained from the allegedly illegal search. The standard of review for a trial court's findings of fact and conclusions of law in a suppression hearing was established in State v. Odom, 928 S.W.2d 18 (Tenn. 1996). This standard mandates that "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." Id. at 23. The prevailing party in the trial court is "entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence." Id. Furthermore, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." Id. However, this Court reviews the trial court's application of the law to the facts de novo, without any deference to the determinations of the trial court. State v. Walton, 41 S.W.3d 75, 81 (Tenn. 2001). The question of whether Tennessee Rule of Criminal Procedure 41 requires

supression of the evidence in this case is a question of law that we review de novo with no presumption of correctness afforded to the judgment of the court below. State v. Coffee, 54 S.W.3d 231, 232 (Tenn. 2001).

Clearly, if the search were, as the Defendant contends, illegal, the trial court improperly denied the Defendant's motion; therefore, we must now decide whether the search was conducted in compliance with the Tennessee Rules of Criminal Procedure. The Defendant contends that the officers failed to comply with Tennessee Rule of Criminal Procedure 41, which governs the execution of search warrants, in two ways: (1) by not giving him a copy of the search warrant; and (2) by not giving him a copy of the receipt of items taken from the premises. The Defendant relies on section (c) and (d) of Rule 41 to support his contention. Section (c) states, in pertinent part:

> The magistrate shall prepare an original and two exact copies of the search warrant, one of which shall be kept by the magistrate as a part of his or her official records, and one of which shall be left with person or persons on whom the search warrant is served.

The pertinent part of section (d) states:

> The officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken or shall leave the copy and receipt at a place from which the property was taken.

The Tennessee Supreme Court stated that the intent of Rule 41 is to "secure the citizen against carelessness and abuse in the issuance and execution of search warrants." Coffee, 54 S.W.3d at 233; see Talley v. State, 208 Tenn. 275, 278, 345 S.W.2d 867, 869 (1961) (discussing Tennesee Code Annotated section 40-518, the statute from which Rule 41 is derived). It also stated that the language of the Rule is plain and is mandatory. Coffee, 54 S.W.3d at 233; State v. Steele, 894 S.W.2d 318, 319 (Tenn. Crim. App. 1994); see Johnson v. State, 208 Tenn. 620, 622, 348 S.W.2d 295, 296 (1961) (discussing Tennessee Code Annotated section 40-518). Further, this court has held that "Rule 41(d) of Tenn. R. Crim. P. requires only that the officer give a copy of the warrant 'to the person from whom or from whose premises the property was taken.' The officer here complied with that by giving a copy to co-defendant . . . ." State v. Woods, CCA No. 4, 1988 WL 115987, at *1 (Tenn. Crim. App. Oct. 4, 1989, at Jackson).

We find that the language of Tennessee Rule of Criminal Procedure 41 is clear and plainly states that a copy of the search warrant and receipt need not be given to every party named in the search warrant, as the Defendant contends, but must be given to "the person from whom *or* from whose premises the property was taken." (Emphasis added). The parties stipulated that the Detective in the case under submission gave a copy of the warrant to Nasser, a co-defendant who was present at the time of the search and who was the owner of the premises searched. The trial court found that the Detective gave a copy of the "receipt," or "evidence recovery log," to the co-defendant

at the conclusion of the search, and the Defendant presents no evidence to contradict this finding. Accordingly, we find that the search was conducted in compliance with Rule 41 in that a copy of the warrant and receipt were left with a person from whose premises the property was taken. Therefore, the judgment of the trial court is AFFIRMED.

                                                _____

                                                ROBERT W. WEDEMEYER, JUDGE