# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
June 15, 2004 Session

## STATE OF TENNESSEE v. TIMOTHY WADE DAVIS

**Direct Appeal from the Criminal Court for Knox County**
**No. 69067          Richard Baumgartner, Judge**

---

**No. E2003-02162-CCA-R3-CD - Filed October 25, 2004**

---

JOSEPH M. TIPTON, J., concurring.

I concur in the results and most of the analysis in the majority opinion. However, I believe the differences reflected in the search warrant affidavits in the record would justify suppression of the items seized pursuant to Rule 41(c), Tenn. R. Crim. P. Such a result, though, is not needed, because the record does not reflect that the copies of the affidavits in the record are those required by Rule 41(c) to be identical. On the other hand, even if suppression were required, I believe many of the defendant's statements against interest could be admissible.

Rule 41(c) requires that the magistrate make two exact copies of the original, one to be kept by the magistrate and one to be left with the target of the search. The original is held by the executing officer and returned to the magistrate with an inventory of the items seized. Rule 41(d), Tenn. R. Crim. P. The purpose of the exact copies is to ensure that the original is not altered after the magistrate has issued it. See State v. Gambrel, 783 S.W.2d 191, 192 (Tenn. Crim. App. 1989). Relative to the predecessor statute to Rule 41(c), which contained the same provisions, our supreme court has stated, "Its intent no doubt was to secure the citizen against carelessness and abuse in the issuance and execution of search warrants." Talley v. State, 208 Tenn. 275, 278, 345 S.W.2d 867, 869 (1961). The court viewed the statute's provision that failure to comply with the requirements would make any search and seizure under the warrant illegal as an expression of legislative intent "to secure strict compliance with the requirements" of the act. 208 Tenn. at 279, 345 S.W.2d at 869.

A practice of convenience, occurring in this case, has arisen that is not in strict compliance with Rule 41(c). The requesting officer prepares the affidavit and search warrant and makes copies of them before submitting them to a magistrate. The magistrate then signs and dates the original and the copies. Although this court has previously held such action does not render a warrant invalid, I think it usurps a judicial function provided by the rule. See State v. James Calvin Harvill, No. 01-C-01-9011-CR-00289, Davidson County (Tenn. Crim. App. June 6, 1991); see also State v. Steele, 894 S.W.2d 318, 319 (Tenn. Crim. App. 1994) (noting, in a Rule 41(c) case, the risk "created by the delegation to or the assumption by a police officer of a function expected to be performed by the

magistrate"). I would require strict compliance with Rule 41(c) relative to the preparation of the affidavit and search warrant in the making of copies.

> The use of printed forms has made the procurement of a search warrant the merest formality, considering the fundamental constitutional right which the search invades. Certainly, this Court can do no less than to require that the few blank spaces be filled in, and the other details of the formality be carried out with care and precision.

Everett v. State, 182 Tenn. 22, 28, 184 S.W.2d 43, 45 (1944). I believe that the differences shown in the affidavits in the record would constitute grounds for holding the warrant invalid.

However, nothing in the record reflects that either the magistrate's copy or the copy left at the defendant's address was dissimilar to the original. At one point in a hearing, the state offered to retrieve the copy retained by the magistrate, but apparently it did not follow through. Under these circumstances, I would hold that the defendant has failed to prove that an original and two exact copies were not made with the magistrate retaining one copy and the other copy being left with the defendant. Therefore, I conclude that the search warrant is valid.

Finally, even if suppression of the seized items were required, I would disagree with the position taken in the majority opinion regarding suppression of the defendant's statements. Items listed in the search warrant about which the defendant was questioned were those the victim described to the police. Based upon her statements, the police had probable cause to arrest the defendant and to question him about the things that the victim told them. The fact that the defendant was questioned about the same items after they were seized would not necessarily render the defendant's statements inadmissible.

_____
JOSEPH M. TIPTON, JUDGE