IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 24, 2023 Session

**STATE OF TENNESSEE v. CHRISTOPHER JAMES FUNK, SR.**

**Appeal from the Criminal Court for Hawkins County**
**No. CC-20-CR-102        James F. Goodwin, Judge**

_____

**No. E2022-01367-CCA-R3-CD**

_____

A Hawkins County jury convicted the Defendant, Christopher James Funk, Sr., of driving under the influence of an intoxicant and possessing a firearm while under the influence of alcohol. The trial court sentenced the Defendant to concurrent sentences of eleven months and twenty-nine days after service of forty-eight hours in custody. On appeal, the Defendant argues that the trial court erred in denying both his motion to suppress and his subsequent motion for an interlocutory appeal. The State asserts that the Defendant waived any issue regarding his motion to suppress by failing to file a motion for a new trial. It also argues that the denial of an interlocutory appeal may not be challenged in a later direct appeal. On our review, we agree with the State and respectfully affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgments of the Criminal Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and MATTHEW J. WILSON, JJ., joined.

Daniel G. Boyd, Rogersville, Tennessee, for the appellant, Christopher James Funk, Sr.

Jonathan Skrmetti, Attorney General and Reporter; Garrett D. Ward, Senior Assistant Attorney General (at argument) and Katharine K. Decker, Senior Assistant Attorney General (on brief); Dan E. Armstrong, District Attorney General; and James Bradley Mercer, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

The Defendant was involved in a motorcycle accident on the evening of August 4, 2019. When Tennessee Highway Patrol Sergeant Rex Bailey arrived at the scene, he smelled an odor of alcohol coming from the Defendant's breath and person. He also noticed that the Defendant's eyes were red and bloodshot and that the Defendant was stumbling and limping. The Defendant admitted he had been drinking that evening, but he refused to perform field sobriety tests or submit to a breathalyzer. Sergeant Bailey then arrested the Defendant for operating the motorcycle under the influence of alcohol. He also secured a firearm that the Defendant was carrying.

The sergeant obtained a warrant for a blood draw, and the Defendant's blood was drawn about two and a half hours after the crash. The Tennessee Bureau of Investigation later analyzed the Defendant's blood sample and concluded that the sample had a blood alcohol content of 0.177%.

A Hawkins County Grand Jury charged the Defendant with driving under the influence of an intoxicant and possessing a handgun while under the influence of alcohol.[1] Before trial, the Defendant filed a motion to suppress the warrant used to obtain his blood sample. The motion alleged that Sergeant Bailey violated Tennessee Rule of Criminal Procedure 41 in the following ways: (1) by failing to provide a copy of the warrant to the issuing magistrate and (2) by making his return directly to the clerk's office instead of to the issuing magistrate.

After a hearing, the trial court denied the Defendant's motion to suppress. The court found that the sergeant did not comply with Rule 41 because the magistrate did not retain a copy of the warrant and because the return was made directly to the clerk's office. However, the court reasoned that the "technical noncompliance [with Rule 41] was the result of neglect" and that it did "not rise to the systemic error or reckless disregard of constitutional requirements."

The Defendant then made an oral motion for permission to seek an interlocutory appeal. The trial court denied the motion, finding that an interlocutory appeal was not needed to avoid protracted litigation or to develop a uniform body of law. The court also

---

[1] The grand jury also charged the Defendant with violation of the financial responsibility law. The State dismissed this charge prior to trial, and we do not address this charge further in this appeal.

found that its order denying the motion to suppress "would obviously be reviewable upon final entry."

Following a trial in September 2022, a jury found the Defendant guilty of driving under the influence and possessing a handgun while under the influence of alcohol. The trial court sentenced him to concurrent sentences of eleven months and twenty-nine days. The court suspended the sentences to supervised probation after service of forty-eight hours in custody.

The Defendant did not file a motion for a new trial. He filed a premature notice of appeal on September 28, 2022, and the trial court later filed its judgments on November 15, 2022.

## ANALYSIS

In this appeal, the Defendant raises two issues. He first argues that the trial court erred in denying his motion to suppress. He also asserts that the trial court erred in failing to permit him to seek an interlocutory appeal of that denial. In response, the State argues that the Defendant has waived any issue concerning his motion to suppress by not filing a motion for a new trial. It also argues that the denial of an interlocutory appeal may not be challenged in a later direct appeal. We agree with the State.

### A.    WAIVER OF THE DEFENDANT'S MOTION TO SUPPRESS

In his first issue, the Defendant argues that the trial court erred in denying his motion to suppress. Citing *State v. Coffee*, 54 S.W.3d 231 (Tenn. 2001), the Defendant contends that the trial court was required to grant the motion to suppress upon finding that the issuing magistrate failed to retain an exact copy of the search warrant. He also argues that the circumstances of this case do not give rise to a good-faith exception to Rule 41's exclusionary rule. We respectfully disagree.

Before a defendant may raise an issue on appeal as the basis for seeking a new trial, the defendant must present the issue to the trial court in a timely, written motion for a new trial. *See* Tenn. R. App. P. 3(e); Tenn. R. Crim. P. 33(b). Except for issues related to the sufficiency of the convicting evidence and sentencing, the failure to file a motion for a new trial waives plenary review of all issues on appeal that could have resulted in a new trial. *State v. Hatcher*, 310 S.W.3d 788, 808 (Tenn. 2010). In that circumstance, a defendant may obtain relief, if at all, under the standards governing plain error review. *See Howard v. State*, 604 S.W.3d 53, 62 (Tenn. 2020).

These principles apply to claims that a trial court erred in denying a pretrial motion to suppress evidence. Indeed, we have specifically recognized that a defendant's failure "to raise the denial of his motion to suppress in his motion for new trial" will act "as a bar to plenary appellate review of any claim with regard to the ruling of the trial court on the motion." *State v. Lozano*, No. M2017-01250-CCA-R3-CD, 2018 WL 4275919, at *3 (Tenn. Crim. App. Sept. 7, 2018), *perm. app. denied* (Tenn. Feb. 20, 2019). Even if our decision on appeal would result in the dismissal of the charges, the defendant must still have presented the issues to the trial court in a timely motion for a new trial to preserve those issues for plenary review. *State v. Lee*, No. M2021-01084-CCA-R3-CD, 2022 WL 16843485, at *10 (Tenn. Crim. App. Nov. 10, 2022), *no perm. app. filed*.

In this case, the Defendant did not file a motion for a new trial. As such, we conclude that he has waived plenary review of his suppression issue in this Court, and he may obtain relief, if at all, under the standards governing plain error review.

Importantly, our authority to review unpreserved issues for plain error is discretionary, and our supreme court has emphasized that this authority is to be "sparingly exercised." *See State v. Bledsoe*, 226 S.W.3d 349, 354 (Tenn. 2007). In this case, we respectfully decline to exercise our discretion for two reasons.

First, the Defendant did not request in his principal brief that we conduct a plain error review, and he did not argue or analyze any of the factors that could justify plain error relief. *State v. Enix*, 653 S.W.3d 692, 701 (Tenn. 2022) (setting forth criteria for plain error review). This Court generally refrains from addressing issues not raised by the parties. *See State v. Nelson*, 275 S.W.3d 851, 864 (Tenn. Crim. App. 2008). Because the defendant bears the burden of showing an entitlement to plain error relief, a defendant's failure to request this relief necessarily weighs against any such consideration on our own. *See State v. Cornwell*, No. E2011-00248-CCA-R3-CD, 2012 WL 5304149, at *18 (Tenn. Crim. App. Oct. 25, 2012), *perm. app. denied* (Tenn. Mar. 5, 2013).

Second, and more importantly, the State specifically argued in its response brief that the Defendant waived this issue by failing to raise it in a motion for a new trial. Despite being on notice that his issue may be waived, the Defendant failed to respond to this argument in a reply brief. "Where a defendant fails to respond to a waiver argument, only particularly compelling or egregious circumstances could typically justify our sua sponte consideration of plain error relief." *State v. Thompson*, No. W2022-01535-CCA-R3-CD, 2023 WL 4552193, at *5 (Tenn. Crim. App. July 14, 2023), *no perm. app. filed*; *State v. Powell*, No. W2011-02685-CCA-R3-CD, 2013 WL 12185202, at *8 (Tenn. Crim. App. Apr. 26, 2013), *perm. app. denied* (Tenn. Sept. 11, 2013). Because no "particularly compelling or egregious circumstances" exist here, we decline to consider plain error relief on our own.

To be clear, a party seeking plain error relief must generally raise and argue the issue in the party's briefing, just as the party would do with all other issues in the ordinary course of an appeal. *See* Tenn. R. App. P. 27(a). For these reasons, we respectfully decline to exercise our discretion to review the Defendant's issue under plain error review. The Defendant is not entitled to relief.

## B.   DENIAL OF INTERLOCUTORY APPEAL

As his second issue, the Defendant argues that the trial court erred in failing to grant permission to seek an interlocutory appeal. *See* Tenn. R. App. P. 9. The State responds that the denial of an interlocutory appeal may not be challenged in a later direct appeal. We agree with the State.

When a trial court denies a motion for an interlocutory appeal, a defendant has two options. First, the defendant may seek an extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. *State v. Lalone*, No. E2016-00439-CCA-R3-CD, 2017 WL 2297653, at *9 (Tenn. Crim. App. May 25, 2017) (suggesting that the proper remedy for the denial of an interlocutory appeal "is to apply directly to [the Court of Criminal Appeals] for an extraordinary appeal under Rule 10."), *no perm. app. filed*. Second, the defendant may await the conclusion of the case and seek an appeal as of right. *See* Tenn. R. App. P. 3. Once a defendant exercises either of these options, the trial court's previous denial of an interlocutory appeal is of "no effect." *State v. Johnson*, No. E2010-02659-CCA-R10-CD, 2012 WL 1306440, at *10 (Tenn. Crim. App. Apr. 16, 2012), *perm. app. denied* (Tenn. Aug. 15, 2012); *see also State v. Simmons*, No. M2018-00937-COA-R3-CV, 2018 WL 6721801, at *5 (Tenn. Ct. App. Dec. 21, 2018) (recognizing that any error in failing to grant an interlocutory appeal "is harmless" where the defendant later sought direct review of the same issues), *no perm. app. filed*.

In this case, the Defendant did not seek an extraordinary appeal after the trial court denied his motion for an interlocutory appeal. Instead, as was his right, he deferred seeking an appeal until the conclusion of his case. Now that his case is on direct appeal, the earlier denial of an interlocutory appeal is of no effect at all. *Johnson*, 2012 WL 1306440, at *10. We may not set aside a judgment of conviction simply because a trial court failed to grant an interlocutory appeal. *Lalone*, 2017 WL 2297653, at *9. Respectfully, this issue is without merit.

## CONCLUSION

In summary, we hold that because the Defendant failed to file a motion for a new trial, he has waived any issue concerning the denial of his motion to suppress. In light of

the Defendant's direct appeal, we also hold that the trial court's earlier denial of an interlocutory appeal is of no effect now.  We respectfully affirm the judgments of the trial court.

_____
TOM GREENHOLTZ, JUDGE