IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 3, 2005 Session

## STATE OF TENNESSEE v. SHEILA TERESA GAYE BOBADILLA and BENJAMIN BERNAL BOBADILLA

**Appeal by permission from the Court of Criminal Appeals**
**Criminal Court for Greene County**
**No. 03CR070, 03CR070A      James E. Beckner, Judge**

---

**No. E2003-02369-SC-R11-CD - Filed November 30, 2005**

---

We accepted review of this cause under the Tennessee Rules of Appellate Procedure, Rule 11, in order to address a question properly preserved and certified pursuant to the provisions of the Tennessee Rules of Criminal Procedure, Rule 37(b)(2).  The question, as certified, is: "Whether the search warrant and accompanying affidavit  that led to the search of the defendant's residence violated the United States and Tennessee Constitutions as well as Tennessee Rule of Criminal Procedure 41(c), so as to render all of the evidence seized pursuant thereto, illegal and inadmissible."

In our painstaking review of the record, we have determined that the search warrant was not issued in accordance with the requirements of the Tennessee Rules of Criminal Procedure, specifically Rule 41(c).  Thus, we hold the search conducted pursuant to the warrant unreasonable and the evidence obtained as a result inadmissible.  Accordingly, the judgment of the Court of Criminal Appeals, affirming the trial court's judgment on other grounds is reversed, and the indictment in this case is dismissed.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and FRANK F. DROWOTA, III, E. RILEY ANDERSON, and JANICE M. HOLDER, JJ., joined.

J. Russell Pryor, Greeneville, Tennessee, for the Appellant, Benjamin B. Bobadilla.
T. Wood Smith, Greeneville, Tennessee, for the Appellant, Sheila Bobadilla.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Elizabeth T. Ryan, Assistant Attorney General, for the Appellee, State of Tennessee.

### OPINION

I.  Facts and Procedural History

On May 13, 2003, a magistrate issued a warrant for the search of the residence of Benjamin and Sheila Bobadilla. Deputy Sheriff Doug Johnson executed the warrant on the same day and, during the search of the home, uncovered contraband and drug paraphernalia. The defendants were each indicted for possession of a controlled substance with intent to sell or deliver in violation of Tennessee Code Annotated section 39-17-417 and possession of drug paraphernalia in violation of Tennessee Code Annotated section 39-17-425.

The defendants filed motions to suppress the evidence obtained during the search, alleging that the warrant had been issued without probable cause and that the warrant had failed to meet the requirements of Tennessee Rule of Criminal Procedure 41(c). Although no testimony was adduced in support of their motions, the trial court overruled the motions and commented as follows:

> The only item in all of this affidavit and warrant combination that doesn't comply with Rule 41 is the hour. And I know that Stepherson says . . . which is a paraphrase, says where the issuing magistrate fails to endorse the warrant [with] the hour, date, and name of the officer to whom it is delivered for execution, the search is illegal.
>
> Here, the name and the date are endorsed sufficiently. It is only the hour that is missing. . . . [I]t was executed on the same date that it was issued [and] endorsed by the officer. . . . It seems to me that that does in fact supply all the things needed.
>
> . . . .
>
> . . . I find and I believe that the appellate courts would find that all the elements are supplied. . . .

Thereafter, Sheila Bobadilla pleaded guilty to facilitation of possession of cocaine with the intent to sell or deliver, and Benjamin Bobadilla pleaded guilty to possession of cocaine with the intent to sell or deliver. Both defendants pleaded guilty to possession of drug paraphernalia. The trial court sentenced Sheila Bobadilla to serve concurrent sentences of three years for count one and eleven months twenty-nine days for count two. The trial court sentenced Benjamin Bobadilla to serve eight years for count one and eleven months twenty-nine days for count two, concurrently. The trial court imposed fines totaling $2,150 upon each defendant.

The defendants, pursuant to Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure, preserved a question for appellate review: whether the search warrant and accompanying affidavit that led to the search of the defendant's residence violated the Tennessee and United States Constitutions and Tennessee Rule of Criminal Procedure 41, so as to render all of the evidence seized pursuant thereto, illegal and inadmissible.

On direct appeal, the Court of Criminal Appeals affirmed the trial court's judgment without having considered the certified question. Now, we consider the certified question pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure.

## II. Standard of Review

This case involves the trial court's denial of the defendants' motion to suppress evidence. On appeal, unless the evidence preponderates otherwise, we presume the trial court's findings of fact are correct. State v. Lawrence, 154 S.W.3d 71, 75 (Tenn. 2005) (citing State v. Davis, 141 S.W.3d 600,625 (Tenn. 2004) and State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996)). This case does not involve any factual dispute; therefore, this Court reviews de novo the trial court's application of the law to the facts, without according any presumption of correctness. See State v. Crutcher, 989 S.W.2d 295, 299 (Tenn. 1999); State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997).

## III. Analysis

### A. Documents Appended to Filings as Evidence

Before addressing the certified question, we must address the Court of Criminal Appeals' conclusion that it could not consider the defendants' contention on appeal because the search warrant was not in evidence. The State contends, and the Court of Criminal Appeals agrees, that the search warrant in this case cannot be considered on appeal because the search warrant was not admitted into evidence and, therefore, was not a part of the record on appeal.

It is well-settled that the duty to prepare a record which "conveys a fair, accurate, and complete account of what transpired with respect to those issues that are the bases of the appeal" rests on the appellant. Tenn. R. App. P. 24(b). What is in the record sets the boundaries for what the appellate courts may review, and thus only evidence contained therein can be considered. State v. Miller, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987), perm. app. denied, (Tenn. 1987). The appellate rule concerning content and preparation of the record states, in part: "The record on appeal shall consist of: (1) copies, certified by the clerk of the trial court, of all papers filed in the trial court except as hereafter provided; [and] (2) the original of any exhibits filed in the trial court . . . ." Tenn. R. App. P. 24(a).

The State cites State v. Johnson, where the court would not consider a search warrant because it was not made a part of the record. 854 S.W.2d 897, 901 (Tenn. Crim. App. 1993). In Johnson, however, the search warrant was made available to the appellate court only in an attempt to amend the trial record. Id.

Additionally, the State relies on State v. Melson, 638 S.W.2d 342 (Tenn. 1982). A photocopy of the search warrant in Melson was stapled to a memorandum in support of the motion to suppress. Id. at 351. This Court concluded that the manner in which the search warrant had been placed in the record fell short. Id. (citing Krause v. Taylor, 583 S.W.2d 603 (Tenn. 1979)). The warrant had not been referred to as being incorporated in the memorandum, and it had not been introduced as evidence. Id. Moreover, in accordance with Tennessee Rule of Appellate Procedure 24(a), a memorandum of law is not included in the appellate record. See Willis v. Tennessee Dept. of Corr., 113 S.W.3d 706, 709 n.2 (Tenn. 2003); Aclin v. Speight, 611 S.W.2d 54, 56 (Tenn. App. 1980).

The instant case is distinguishable from Johnson and Melson. The search warrant in this case was appended to the defendant's motion to suppress; it was not stapled to a memorandum in support of the motion. The motion, with the search warrant appended thereto, was properly filed with the trial court on September 9, 2003. The motion to suppress and the search warrant were both included in the record that was certified and provided by the Clerk of the Criminal Court of Greene County to the Court of Criminal Appeals.

Furthermore, in State v. Housler, we recently held that

> any matter appropriately considered by the trial court is properly includable in the appellate record and may be added to the record under Rule 24(g) when such matter is 'necessary to convey a fair, accurate and complete account of what transpired in the trial court with respect to issues that are the bases of appeal.'

167 S.W.3d 294, 298 (Tenn. 2005). Thus, because the copy of the search warrant was in the record and was reviewed and considered by the trial court, we conclude that the defendants have built a proper record and, upon appellate review, the search warrant may be considered.

## B. Tennessee Rule of Criminal Procedure 41

We are hampered somewhat in our consideration of the certified question because the Court of Criminal Appeals did not address the merits of the question as certified. A remand to the Court of Criminal Appeals for its examination would constitute, in our view, a needless expenditure of scarce judicial resources. Additionally, there are no disputed issues of fact apparent in the record. For these reasons, we elect to respond to the certified question, which is dispositive of the cause. See Tenn. R. App. P. 13(b).

Tennessee Rule of Criminal Procedure 41(c) imposes "procedural safeguards [which] are intended 'to secure the citizens against carelessness and abuse in the issuance and execution of search warrants.'" State v. Coffee, 54 S.W.3d 231, 233 (Tenn. 2001) ( quoting Talley v. State, 345 S.W.2d 867, 869 (Tenn. 1961)). The portion of Rule 41(c) which is most pertinent to this case is as follows:

> The magistrate shall endorse upon the search warrant the hour, date, and name of the officer to whom the warrant was delivered for execution; and the exact copy of the search warrant and the endorsement thereon shall be admissible evidence. Failure of the magistrate to make said original and two copies of the search warrant or *failure to endorse thereon the date and time of issuance* and the name of the officer to whom issued, or the failure of the serving officer where possible to leave a copy with the person or persons on whom the search warrant is being served, *shall make any search conducted under said search warrant an illegal search* and any seizure thereunder an illegal seizure.

Tenn. R. Crim. Proc. 41(c) (2003) (emphasis added).

We have interpreted these rules strictly; the language is plain and the requirements are mandatory. <u>Coffee</u>, 54 S.W.3d at 233-34. For instance, in <u>Coffee</u>, this Court found that the judicial commissioner's failure to retain a copy of the search warrant, in violation of Rule 41(c), required suppression of the evidence seized as a result of the execution of the search warrant. <u>Id.</u>

Review of the transcript in this case indicates that the trial court found that the search warrant did not contain an endorsement of the hour of its issuance, as required by Rule 41(c). Although the trial court noted the requirements had not been met, the court reasoned that the endorsements of the time, date and officer were required "to show that [the search warrant] was executed without delay." The court continued, "[These endorsements were] to show that it was executed subsequent probably to the issuance, and it seems that all the constitutional rights, Fourth Amendment rights, are protected and displayed on the written parts of this warrant and affidavit." The trial court is eminently correct in its rationale – that the pertinent part of Rule 41(c) is designed to ensure that if a search warrant is executed prior to its issuance, such discrepancy will be apparent on the face of the warrant. Because the hour was not endorsed by the magistrate on the search warrant in this case, the warrant fails to explicitly show that it was issued first – then executed. Therefore, the search warrant fails to meet the requirements as set forth in Tennessee Rule of Criminal Procedure 41(c). Under the explicit provisions of Rule 41(c) such failure "shall make any search conducted under said search warrant an illegal search and any seizure thereunder an illegal seizure."

## IV. Conclusion

We conclude that the search warrant in this case as certified by the clerk is part of the record and therefore can be considered upon review. Furthermore, we conclude that under the facts of this case, the search warrant on its face did not meet the requirements of Tennessee Rule of Criminal Procedure 41(c). Therefore, the warrant was invalid, the search was illegal, and the evidence obtained thereby inadmissible. Accordingly, we reverse the judgment of the Court of Criminal Appeals holding that the search warrant was not a reviewable part of the appellate record and dismiss the indictment upon the basis expressed herein. Costs of this appeal are taxed to the State of Tennessee.

_____
ADOLPHO A. BIRCH, JR., JUSTICE