# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs September 9, 2008

## STATE OF TENNESSEE v. PATRICK DANIELS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 06-01141     Lee V. Coffee, Judge**

_____

**No. W2008-00254-CCA-R10-CD  - Filed August 5, 2009**

_____

The appellant was granted this extraordinary appeal, pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure, to challenge the Shelby County Criminal Court's denial of his motion to suppress evidence seized pursuant to a search warrant that was endorsed with the wrong time of issuance. Because the warrant does not comply with Rule 41 of the Tennessee Rules of Criminal Procedure, we reverse the trial court's order denying the motion to suppress and remand the case for proceedings consistent with this opinion.

**Tenn. R. App. P. 10 Interlocutory Appeal; Judgment of the Criminal Court is Reversed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, J., joined. ALAN E. GLENN, J., not participating.

Leslie I. Ballin, Memphis, Tennessee, for the appellant, Patrick Daniels.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Michael McCusker, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On appeal, the appellant challenges the trial court's denial of his motion to suppress evidence seized from his residence on December 2, 2005. The parties stipulated that the search warrant for the residence was issued at 10:35 a.m. on December 2, 2005, and that the magistrate inadvertently circled "p.m." instead of "a.m." when he endorsed the time on the warrant. The warrant was executed after it was issued, resulting in the appellant's arrest that afternoon. The arrest warrant formally charging the appellant was filed at 5:38 p.m. on December 2. The appellant was subsequently indicted for possessing .5 grams or more of cocaine with the intent to sell, a Class B felony; possessing .5 grams or more of cocaine with the intent to deliver, a Class B felony;

possessing one-half ounce or more of marijuana with the intent to sell, a Class E felony; possessing one-half ounce or more of marijuana with the intent to deliver, a Class E felony; and unlawful possession of a handgun, a Class E felony.

In his motion to suppress, the appellant alleged that the magistrate who issued the search warrant failed to comply with the strict standards of Rule 41 (c) of the Tennessee Rules of Criminal Procedure because he endorsed the wrong time on the warrant.[1] In its written order, the trial court noted that the appellant neither questioned the warrant's authenticity when it was served and executed nor alleged prejudice resulting from the magistrate erroneously circling "p.m." The court found that the error did not compromise the integrity of the search and did not "undercut the purposes Rule 41(c) is designed to serve." Accordingly, the court concluded that the "clerical error" in circling "p.m." instead of "a.m." was "not sufficiently significant to warrant suppression of the evidence." The court also reasoned that "this is a perfect case for a 'good faith exception' to cure the erroneous circling of 'p.m.'on the search warrant." We understand the trial court's rationale in its attempt to avoid the harsh consequences of strictly applying Rule 41. However, our Supreme Court has not recognized a good faith exception to the procedural safeguards in Rule 41(c), and we are constrained to follow the rule's mandates.

## II. Analysis

The issue of whether Rule 41 requires the suppression of evidence "is a question of law which we review de novo with no presumption of correctness afforded to the judgment of the court below." State v. Coffee, 54 S.W.3d 231, 232 (Tenn. 2001). In relevant part, subsection (c) of the Rule states:

> The magistrate shall endorse upon the search warrant the hour, date, and name of the officer to whom the warrant was delivered for execution; and the exact copy of the search warrant and the endorsement thereon shall be admissible evidence. Failure of the magistrate to make said original and two copies of the search warrant or failure to endorse thereon the date and time of issuance and the name of the officer to whom issued, or the failure of the serving officer where possible to leave a copy with the person or persons on whom the search warrant is being served, shall make any search conducted under said search warrant an illegal search and any seizure thereunder an illegal seizure.

---

[1]The record reflects that the trial court struggled with the issue and drafted alternate orders before ultimately denying the motion.

Tenn. R. Crim. P. 41(c) (2003).[2]

We must interpret the rule strictly as its "language is plain and the requirements are mandatory." State v. Bobadilla, 181 S.W.3d 641, 645 (Tenn. 2005); see also Coffee, 541 S.W.3d at 233-34. In Bobadilla, the Tennessee Supreme Court held that a search warrant that did not contain an endorsement of the hour of its issuance was fatally defective under Rule 41(c). 181 S.W.3d at 645. In reaching its decision the court explained that the rule "is designed to ensure that if a search warrant is executed prior to its issuance, such discrepancy will be apparent on the face of the warrant." Id. Similar to the warrant in the present case, the warrant in Bobadilla failed "to explicitly show that it was issued first - then executed." Id.

Shortly after the trial court's decision in the instant case, this court issued its opinion in State v. David Wayne Jones, No. M2007-01163-CCA-R3-CD, 2008 Tenn. Crim. App. LEXIS 294 (Nashville, Mar. 28, 2008). In David Wayne Jones, the time of 11:25 was endorsed on the warrant, but the warrant failed to specify whether it was issued in the morning or evening. Id. at *2. Although proof introduced at the suppression hearing established that the warrant was issued before its execution, this court nevertheless concluded that the evidence had to be suppressed "because our supreme court has held that the requirements of Rule 41 for issuance of the warrant are mandatory and strictly interpreted . . . ." Id. at *4; Bobadilla, 181 S.W.3d at 645.

In State v. Stepherson, 15 S.W.3d 898, 902 (Tenn. Crim. App. 1999), this court strictly applied Rule 41(c) to hold that a warrant was fatally defective because the magistrate mistakenly put the wrong officer's name on the warrant. Even though the officer named on the warrant helped execute it, this court held that the rule required the suppression of the evidence seized because the magistrate delivered the warrant to an officer other than the one endorsed on the warrant. Id. at 902-03. This court noted that the result was harsh. However, after considering the rule's history and its express language, we concluded that "[o]nly an amendment to the rule can effect a different result." Id. at 902.

As in Bobadilla, David Wayne Jones, and Stepherson, the warrant in the present case is fatally deficient. By erroneously circling "p.m.," the magistrate endorsed the warrant with a time later than it was executed in violation of the rule's express language and the rule's purpose. Accordingly, we are compelled to reverse the trial court's order denying the appellant's motion to suppress.

---

[2]Rule 41 was reformatted in 2006. In relevant part, the current version states, "The magistrate shall endorse on the search warrant the hour, date, and name of the officer to whom the warrant was delivered for execution." Tenn. R. Crim. P. 41(c)(2)(D). The current version provides that a motion to suppress "shall be granted" if the proof shows that the magistrate "did not endorse on the warrant the date and time of issuance and the name of the officer to whom the warrant was issued." Tenn. R. Crim. P. 41(g)(5)(B).

### III. Conclusion

Based upon the foregoing, we reverse the trial court's order denying the appellant's motion to suppress and remand the case for proceedings consistent with this opinion.

_____
NORMA McGEE OGLE, JUDGE