IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2013

**EDGAR BAILEY, JR. v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamilton County**
**No. 285644     Rebecca J. Stern, Judge**

**No. E2012-02554-CCA-R3-PC - Filed June 27, 2013**

Convicted of felony murder, three counts of aggravated assault, and setting fire to personal property, petitioner, Edgar Bailey, Jr., filed the instant petition for writ of error coram nobis, alleging that the indictment under which he was tried and convicted for felony murder was defective in that it did not bear a return date from the grand jury and that the State withheld it from him prior to trial. He further claims that the allegedly defective indictment constitutes newly discovered evidence for the purpose of error coram nobis proceedings. The coram nobis court summarily dismissed the petition. Following our review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Edgar Bailey, Jr., Henning, Tennessee, Pro Se.

Robert E. Cooper, Attorney General and Reporter; and Jeffrey D. Zentner, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

I. Facts and Procedural History

The Hamilton County Grand Jury indicted the defendant and two codefendants, Muhammed Nuriddin and Jereme Little, for first degree premeditated murder, first degree felony murder, and conspiracy to commit first degree murder for the killing of twenty-one-year-old Anthony McAffee on June 20, 2001. Additionally, the defendant and Nuriddin were indicted for

setting fire to personal property (the victim's automobile), and the defendant was indicted for three counts of aggravated assault for firing a weapon at three occupants of a van as they drove by the scene of the car fire. The jury convicted the defendant of all charges except the conspiracy to commit first degree murder, and the trial court merged the first degree premeditated murder and first degree felony murder convictions.

*State v. Edgar Bailey, Jr.,* No. E2005-02186-CCA-R3-CD, 2006 WL 3787911, at *1 (Tenn. Crim. App. Dec. 27, 2006), *perm. app. denied* (Tenn. Apr. 23, 2007). A full recitation of the facts underlying petitioner's convictions can be found in this court's prior opinion. *Id.* at *1-8. On appeal, this court reversed and remanded petitioner's conviction for first degree premeditated murder for a new trial, affirmed the remaining convictions, and remanded the conviction for setting fire to personal property for resentencing as a Class E felony rather than as a Class A misdemeanor. On remand, the trial court resentenced petitioner to one year for setting fire to personal property, and the State dismissed the first degree premeditated murder charge. *Edgar Bailey, Jr. v. State,* No. E2009-00203-CCA-R3-PC, 2009 WL 3616665, at *1 (Tenn. Crim. App. Nov. 3, 2009), *perm. app. denied* (Tenn. Apr. 23, 2010).

Petitioner next filed a petition for post-conviction relief. The post-conviction court summarily dismissed the petition because it was not timely filed, and this court affirmed the post-conviction court's ruling. *Id.* at *3. On July 9, 2012, petitioner filed a petition for writ of habeas corpus alleging defects in the indictment.[1] *Edgar Bailey, Jr., v. Dwight Barbee, Warden*, No. W2012-01729-CCA-R3-HC, 2013 WL 865329, at *1 (Tenn. Crim. App. Mar. 5, 2013). The habeas corpus court summarily dismissed the petition. *Id.* This court briefly addressed the merits of petitioner's argument on appeal and affirmed the judgment of the habeas corpus court. *Id.* at *2-5.

Petitioner filed the instant petition for writ of error coram nobis on October 12, 2012. In it, he claims that defects in the indictment for felony murder constitute newly discovered exculpatory evidence, which he was faultless in failing to present at trial. The error coram nobis court summarily dismissed the petition. This appeal follows.

## II. Analysis

### A. Standard of Review

The decision to grant or to deny a petition for writ of error coram nobis on its merits is left to the sound discretion of the trial court. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn.

___

[1] In his habeas corpus proceedings, petitioner raised the same issues as he does herein.

2010) (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)).  A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party.  *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006) (citing *Howell v. State*, 185 S.W.3d 319, 337 (Tenn. 2006)).  The writ of error coram nobis is an "extraordinary procedural remedy . . . into which few cases fall."  *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999).  To obtain coram nobis relief, petitioner must show that the newly discovered evidence could not have been obtained before trial by either the petitioner or his counsel exercising reasonable diligence.  *Vasques*, 221 S.W.3d at 527-28.  Our legislature has limited the relief available through the writ:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105(b) (2012).  To demonstrate he is entitled to coram nobis relief, petitioner must clear several procedural hurdles.

In his petition for coram nobis relief, petitioner must relate: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner.  *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 1995) (citing *State v. Hart*, 911 S.W.2d 371, 374-75 (Tenn. Crim. App. 1995)).

### B.  Petitioner's Claims

The error coram nobis court summarized the claims in the petition as follows: (1) that there was no return date on the superceding felony murder indictment, which constitutes newly discovered evidence; (2) that, as a result, all further proceedings were void; (3) that

the State did not provide him with a copy of the indictment in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (4) that return of the superceding indictment twenty-four days prior to his trial did not provide him with sufficient notice of the charges against him.

In summarily dismissing the petition, the coram nobis court concluded that petitioner failed to state a claim for coram nobis relief because an indictment is not "evidence" and, thus, cannot meet the statutory definition of newly discovered evidence under Tennessee Code Annotated section 40-26-105(b).[2] It also held that petitioner's claim that the State "rushed" to trial within twenty-four days of indicting him was meritless because the first indictment had been pending for over a year when the superceding indictment was returned. The coram nobis court also noted that, contrary to petitioner's assertions, the superceding indictment bore a return date. The court also addressed the alternative argument that even if it were to treat the petition as one for writ of habeas corpus, there would be no basis for relief.

Our review of the record indicates that a copy of the indictment about which petitioner complains is not included in the record on appeal. Petitioner bears the burden of preparing a record that "conveys a fair, accurate, and complete account of what transpired with respect to those issues that are the bases of the appeal." *State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn. 2005) (quoting Tenn. R. App. P. 24(b)). Copies of the judgment forms are also excluded from the record on appeal, without which we cannot state with certainty when the statute of limitations began and ended. "Because of this, the fact that the record is incomplete . . . requires us to presume that had all of the evidence considered by the [coram nobis] court been included in the record on appeal, it would have supported" the court's decision to summarily dismiss the petition. *State v. Keen*, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999) (citing *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (concluding that when the record on appeal is incomplete, this court should presume that the trial court's decision was correct).

## CONCLUSION

Based on the record, the parties' briefs, and the applicable law, we affirm the judgment of the coram nobis court.

_____
ROGER A. PAGE, JUDGE

---

[2] The coram nobis court did not address the statute of limitations, noting that although the petition alleged a *Brady* claim, which could toll the running of the statute, the petition nonetheless failed to state a claim for writ of error coram nobis relief.