# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 9, 2013

## STATE OF TENNESSEE v. DAMIEN O. ARMSTRONG

**Appeal from the Circuit Court for Dyer County**
**No. 12-CR-3     R. Lee Moore, Judge**

---

**No. W2012-02531-CCA-R3-CD  - Filed February 12, 2014**

---

The defendant, Damien O. Armstrong, was convicted by a Dyer County Circuit Court jury of possession of .5 grams or more of cocaine with intent to sell or deliver, a Class B felony, and sentenced to eight years, with one year of confinement and the remainder on probation. On appeal, he argues that the trial court erred in denying his motion to suppress evidence found in his home because the search warrant was defective.  After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JERRY L. SMITH, J., joined.

Jason R. Creasy, Dyersburg, Tennessee, for the appellant, Damien O. Armstrong

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; C. Phillip Bivens, District Attorney General; and Charles Dyer and Lance Webb, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The defendant was indicted for possession of .5 grams or more of cocaine with intent to sell or deliver.  He filed a motion to suppress the drugs seized from his home, arguing that the search warrant was defective under Tennessee Rule of Criminal Procedure 41 because the magistrate did not personally write the name of the officer to whom the search warrant was issued, even though the magistrate signed the search warrant after the officer wrote his name on it.  At the suppression hearing, the parties stipulated that Officer Chris Clements,

in the presence of the municipal court judge, wrote his name in the space provided on the search warrant for the executing officer, after which the municipal court judge signed the warrant and wrote the time and date on it. The trial court denied the defendant's motion to suppress, finding no error with Officer Clements' filling in his name on the warrant.

In the light most favorable to the State, the proof at trial showed that Dyersburg police officers executed a search warrant at the defendant's residence. In a back bedroom that was set up as a recording studio, officers found a glass jar containing plastic bags with a white powder substance hidden inside a vent that was behind soundproofing foam. The white powder was determined to be cocaine in the amount of 24.11 grams, valued at about $100 a gram. Two sets of digital scales, one with a white powder residue on it, were found on the defendant's desk in that same room. They also found a money counter in a box, as well as a coffee can of one dollar bills. A pistol was found under a cushion of the couch in the living room. The defendant, who was in the living room during the search, was Mirandized and gave a statement in which he admitted that the drugs found in the house belonged to him. At trial, the defendant denied that the cocaine belonged to him or having knowledge that it was located in his recording studio.

**ANALYSIS**

The defendant argues that the trial court erred in denying his motion to suppress the search warrant in this case as being defective because the magistrate did not endorse the name of the executing officer as required by Tennessee Rule of Criminal Procedure 41.

As an initial matter, the State argues that the defendant has waived this issue for failing to raise it in a motion for new trial because he did not include a motion for new trial in the record on appeal proving that he raised such issue. The State is correct that a ground upon which a new trial is sought is waived unless specifically stated in a motion for a new trial. Tenn. R. App. P. 3(e); State v. Hatcher, 310 S.W.3d 788, 808 (Tenn. 2010) (stating that a defendant waives those issues not raised in a motion for new trial and those issues are subject to plain error review); see also State v. Ronnie Watson, No. W2001-03084-CCA-R3-CD, 2002 WL 31258011, at *1 (Tenn. Crim. App. Sept. 16, 2002) (defendant's suppression issue waived because it was not included in motion for new trial). Because a motion for new trial was not included in the record on appeal and, thus, it is not clear whether the defendant raised this issue as a ground for relief if he did file such motion, this court has the authority, pursuant to Tennessee Rule of Appellate Procedure 24(e), to order supplementation of the record. See State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012). However, ordering supplementation of the record is not a requirement and "may be considered on a case-by-case basis and should be ordered only if the record is otherwise inadequate to conduct a meaningful appellate review on the merits[.]" See id. We determine

that the record is adequate to conduct a meaningful appellate review on the merits.

As we will explain, reviewing this case on the merits, we conclude that the defendant is not entitled to relief.[1]  When this court reviews a trial court's ruling on a motion to suppress, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact."  State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996).  The party prevailing at the suppression hearing is afforded the "strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence."  State v. Keith, 978 S.W.2d 861, 864 (Tenn. 1998).  The findings of a trial court in a suppression hearing are upheld unless the evidence preponderates against those findings.  See id.  However, the application of the law to the facts found by the trial court is a question of law and is reviewed *de novo*.  State v. Walton, 41 S.W.3d 75, 81 (Tenn. 2001); State v. Crutcher, 989 S.W.2d 295, 299 (Tenn. 1999); State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997).

Our supreme court has held that Tennessee Rule of Criminal Procedure 41(c) imposes "procedural safeguards [which] are intended to secure the citizens against carelessness and abuse in the issuance and execution of search warrants."[2]  State v. Bobadilla, 181 S.W.3d 641, 644 (Tenn. 2005) (internal quotation and citations omitted).  In pertinent part, Rule 41 provides that "[t]he magistrate shall endorse on the search warrant the hour, date, and name of the officer to whom the warrant was delivered for execution."  Tenn. R. Crim. P. 41(c)(2)(D).  A motion to suppress "shall be granted" if the proof shows that the magistrate "did not endorse on the warrant the date and time of issuance and the name of the officer to whom the warrant was issued."  Tenn. R. Crim. P. 41(g)(5)(B).  As noted by the Bobadilla court, "We have interpreted these rules strictly; the language is plain and the requirements are mandatory."  Bobadilla, 181 S.W.3d at 645.

In denying the defendant's motion to suppress, the trial court found as follows:

> The [d]efendant alleges that the search warrant is defective since [the municipal court judge] failed to "endorse" the name of the officer to whom the warrant was issued.  The parties[] stipulated that Officer Clements wrote his

---

[1] Tennessee Code Annotated section 40-6-108, which became effective on July 1, 2011, before this case arose, provides, in brief, that a good faith mistake or technical violation of Tennessee Rule of Criminal Procedure 41 shall not invalidate a search warrant.  However, since this statute was not relied upon in the trial court or on appeal by either of the parties, or considered by the trial court in upholding the search, we, likewise, will not consider it in our resolution of this matter.

[2] Rule 41 has been reformatted since the opinion in Bobadilla, but the substance of the rule is the same.

own name in the blank provided for the officer to whom the search warrant is issued, and that thereafter [the municipal court judge] signed the search warrant and placed the time and date thereon. . . . [T]he court finds that [the municipal court judge] sufficiently "endorsed" the name of the officer by affixing his signature to the warrant after, or contemporaneously with, Officer Clements placing his own name on the warrant in the space designed to identify the officer to whom the warrant is issued.

Our research has revealed very few cases addressing Tennessee Rule of Criminal Procedure 41 and no exact case on point. The closest case to the present case appears to be State v. Stepherson, 15 S.W.3d 898 (Tenn. Crim. App. 1999). In that case, the affiant, Officer Tommy Goetz, appeared before the issuing magistrate. Id. at 901. The magistrate endorsed "Officer Bill Doelle" as the person to whom the warrant was given for execution, despite that the magistrate physically delivered the warrant to Officer Goetz. Id. Officer Goetz subsequently gave the search warrant to Officer Doelle prior to its execution, and both officers participated in its execution. Id. The court held that the magistrate's improper endorsement of Officer Doelle as the person to whom the warrant was given for execution was fatal to its validity. Id. at 902.

In this case, the executing officer, Officer Clements, appeared in front of the judge and wrote his name on the warrant in the presence of the judge, who then signed and dated it. As found by the trial court, the judge's signature on the warrant, after witnessing Officer Clements write in his name as the executing officer, constituted an effective endorsement. Unlike Stepherson, this case is simply a situation concerning who physically wrote in the name of the executing officer at the time of the issuance of the warrant, rather than a case where the judge filled in the wrong name or signed a warrant with no name for the executing officer. Thus, the concerns addressed in Bobadilla and Stepherson are properly protected.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE

-4-