FILED

03/30/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs March 21, 2017 at Knoxville

**STATE OF TENNESSEE v. ROOSEVELT PITTS, III**

**Appeal from the Circuit Court for Rutherford County**
**No. F-73282  David M. Bragg, Judge**

_____

**No. M2016-01879-CCA-R3-CD**

_____

The Defendant, Roosevelt Pitts III was convicted of robbery, three counts of reckless endangerment, leaving the scene of an accident, and vandalism. The trial court sentenced the Defendant to an effective eighteen years in prison. On appeal, the Defendant argues that the State discriminated against prospective jurors by excusing them for race-based reasons and that the State engaged in prosecutorial misconduct during closing arguments. The State contends that the Defendant has waived these issues by providing this court with an insufficient record. Because the record provided for review is insufficient to allow us to consider the issues raised, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

Gerald L. Melton, District Public Defender, and Russell N. (Rusty) Perkins, Assistant Public Defender, for the appellant, Roosevelt Pitts, III.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Jennings H. Jones, District Attorney General; and Shawn Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The appellate record does not contain transcripts of the jury selection, trial, or sentencing hearing, but we are able to glean the following facts from the technical record. The Defendant was indicted for one count of robbery, two counts of aggravated assault, one count of reckless endangerment, one count of leaving the scene of a property damage

accident, one count of vandalism over $10,000, and one count of carjacking. Following a jury trial, the Defendant was found guilty of one count of robbery, three counts of reckless endangerment, one count of leaving the scene of an accident, and one count of vandalism over $1,000. The Defendant was sentenced to ten years in prison for robbery, four years in prison for each reckless endangerment conviction, eleven months and twenty-nine days in prison for leaving the scene of an accident, and eight years in prison for vandalism. The trial court ran the reckless endangerment, leaving the scene of an accident, and vandalism sentences concurrently to each other and consecutively to the robbery sentence, for an effective sentence of eighteen years. After a hearing, the trial court denied the Defendant's motion for a new trial.

## ANALYSIS

On appeal, the Defendant argues that the State purposefully discriminated against prospective jurors during jury selection who were African-American in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). The Defendant also argues that the State engaged in prosecutorial misconduct by giving improper closing arguments. The State contends that the Defendant waived appellate review of his arguments by failing to provide this court with a sufficient record.

The appellant bears the burden of preparing a full and complete record for appellate review. *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983); *see* Tenn. R. App. P. 24(b). "What is in the record sets the boundaries for what the appellate courts may review, and thus only evidence contained therein can be considered." *State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn. 2005) (citation omitted). When no evidence is preserved in the record for review, the appellate court may not consider the issue. *State v. Goodwin*, 909 S.W.2d 35, 43 (Tenn. Crim. App. 1995). Where an argument is noted but not transcribed and the record is missing a transcript of the proceedings relevant to an issue presented for review or portions of the record upon which the party relies, appellate review of the argument is waived. *See State v. Mickens*, 123 S.W.3d 355, 387 (Tenn. Crim. App. 2003) (citing *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993)). Given a record that lacks any transcripts to provide a basis for proper review, the appellate court must presume that the trial court's determination of the issue was correct. *State v. Griffis*, 964 S.W.2d 577, 592-93 (Tenn. Crim. App. 1997).

The record provided to this court for appellate review includes the warrants, the indictments, the Defendant's motion for a new trial, his addendum to the motion for a new trial, the trial court's order denying the motion for a new trial, the transcript of the proceedings on the motion for a new trial, the judgments, and the notice of appeal. The record ultimately does not include the portions relevant to the Defendant's arguments on appeal: transcripts of the jury selection process, the trial, and the closing arguments.

Accordingly, we hold that both of the Defendant's arguments are waived. *Mickens*, 123 S.W.3d at 387.

## CONCLUSION

Based upon our review of the record and the applicable law, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE