IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 6, 2018

**STATE OF TENNESSEE v. KENNETH O. WILLIAMS**

**Appeal from the Criminal Court for Shelby County**
**No. 04-02649        W. Mark Ward, Judge**

_____

**No. W2017-01623-CCA-R3-CD**

_____

The Defendant, Kenneth O. Williams, entered a guilty plea to second degree murder and was sentenced to thirty years in prison. The Defendant filed a motion to correct his sentence under Tennessee Rule of Criminal Procedure 36.1, asserting that the trial court was without jurisdiction to sentence him as a Range II, multiple offender or to enhance his sentence above the minimum in the sentencing range. The trial court denied the motion for failure to state a colorable claim, and the Defendant appeals. After a thorough review of the record, we conclude that the Defendant has not articulated a colorable claim that his sentence is illegal, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Kenneth O. Williams, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Tracye Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

In April 2004, the Defendant was charged with first degree murder after firing a fatal shot into a crowd. *Kenneth Williams v. State*, No. W2007-01876-CCA-R3-PC, 2008 WL 5058007, at *1, 2 (Tenn. Crim. App. Dec. 1, 2008), *perm. app. denied* (Tenn. Apr.

27, 2009).  On the day of trial, the Defendant signed a plea agreement with the State in which he agreed to plead guilty to second degree murder in exchange for a thirty-year sentence, which was to be served one hundred percent in confinement.  *Id.* at *1.  During the plea colloquy, the Defendant was told that the sentence required one hundred percent service by law, and he subsequently expressed a desire to go to trial.  *Id.*  However, as the potential jurors entered the courtroom, the Defendant again changed his mind, and he ultimately entered a guilty plea after an "extensive" plea colloquy.  *Id.* at *3.

The Defendant subsequently filed a post-conviction petition, asserting that his plea was not entered knowingly and voluntarily.  *Id.* at *1.  At the post-conviction hearing, the Defendant testified that "he understood that the sentence for second degree murder was thirty years, but he later learned that the sentencing range was fifteen to twenty-five years for a standard Range I offender."  *Id.* at *2.  This court denied post-conviction relief, concluding that the Defendant entered his plea knowingly and voluntarily.  *Id.* at *3.

On June 28, 2016, the Defendant filed a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1.  The trial court denied the motion because the motion merely alleged that the Defendant's plea was not knowing and voluntary and did not allege that it was illegal.  *See Kenneth Williams v. State*, No. W2016-01858-CCA-MR3-CD (Tenn. Crim. App. Oct. 26, 2016) (order).  This court denied the Defendant's motion seeking to submit a late-filed notice of appeal.  *Id.*

On July 27, 2017, the Defendant again filed a motion to correct an illegal sentence under Rule 36.1.  He alleged that his sentence was illegal because the trial court sentenced him outside the appropriate sentencing range without a proper waiver of offender classification pursuant to *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997).  He also argued that his sentence was illegal because the sentence was above the minimum in the range and the trial court did not make any findings regarding enhancement factors.  The Defendant did not attach the judgment to the motion.  The trial court summarily denied the motion on the basis that it did not state a colorable claim for relief under Rule 36.1.

## ANALYSIS

On appeal, the Defendant reiterates that his sentence is illegal because it fell outside the proper sentencing range and because it was above the minimum in the range.  Tennessee Rule of Criminal Procedure 36.1 allows the defendant or State to seek the correction of an illegal sentence prior to its expiration.  Tenn. R. Crim. P. 36.1(a)(1).

We note that the Rule, as amended effective July 1, 2016, requires the movant to "attach to the motion a copy of each judgment order at issue," to state whether it is the

first motion to correct the sentence, and to attach a copy of any previous motion and its disposition. Tenn. R. Crim. P. 36.1(a)(1). The State argues that the motion to correct the Defendant's sentence was properly dismissed for failure to attach the judgment. While the Defendant attached the judgment to his brief, this court will generally only consider facts contained in the record. *See* Tenn. R. App. P. 13(c) (noting that this court "may consider those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to rule 14"); *State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn. 2005) ("What is in the record sets the boundaries for what the appellate courts may review, and thus only evidence contained therein can be considered."); *LaBryant King v. State*, No. M2004-01371-CCA-R3-PC, 2005 WL 1307802, at *3 n.3 (Tenn. Crim. App. June 1, 2005) ("Documents attached to briefs are not cognizable as part of an appellate record."). We conclude that the Defendant failed to comply with the Rule when he did not attach to the motion the judgment or the documents related to his previous Rule 36.1 motion.

In any event, we determine that the trial court did not err in denying the motion for failure to state a colorable claim. Whether a motion states a colorable claim under Rule 36.1 is a question of law reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015). A colorable claim is a claim "that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* at 593. Rule 36.1 provides a mechanism for correcting a sentence which is illegal, and "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and actually mirrors, the definition this Court has applied to that term in the habeas corpus context." *State v. Brown*, 479 S.W.3d 200, 209 (Tenn. 2015) (citing *Wooden*, 478 S.W.3d 585). An illegal sentence is one that directly contravenes an express statutory provision or is not authorized by the applicable statutory scheme. *Wooden*, 478 S.W.3d at 594.

Regarding the Defendant's allegation that he was sentenced outside the correct range, "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hicks*, 945 S.W.2d at 709. Accordingly, the trial court had jurisdiction to sentence the Defendant as a Range II, multiple offender. While the Defendant contends that he did not knowingly consent to be sentenced outside Range I, this would at most render his sentence voidable. *See Edwards v. State*, 269 S.W.3d 915, 925 & n.8 (Tenn. 2008) (holding that alleged error regarding offender classification would at most render the judgment voidable); *Hoover v. State*, 215 S.W.3d 776, 779 (Tenn. 2007) (holding that a defendant who was sentenced to thirty-five years for second degree murder despite being a Range I offender was not entitled to habeas corpus relief because sentencing outside the proper range did not render the sentence illegal). Likewise, the trial court had jurisdiction to sentence the Defendant above the minimum in the sentencing range. *See Wooden*, 478 S.W.3d at 595 (noting that "claims that the

record does not support the trial court's factual findings regarding sentencing" are appealable errors which do not render a sentence illegal); *Eddie Williams, Jr., v. David Mills, Warden*, No. W2003-02353-CCA-R3-HC, 2004 WL 221297, at *2 (Tenn. Crim. App. Jan. 30, 2004) (holding that an allegation that the enhancement factors were not supported could only render a judgment voidable).  Accordingly, the Defendant did not state a colorable claim that his sentence was illegal, and the trial court properly denied the motion.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE