IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 8, 2022

**GEORGE ELLIS CLARK v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-21-201        Roy B. Morgan, Jr., Judge**
_____

**No. W2021-01391-CCA-R3-PC**
_____

George Ellis Clark, Petitioner, sought post-conviction relief on the basis that the trial court lacked jurisdiction to impose a sentence because of a violation of the Interstate Agreement on Detainers ("IAD").[1]  The post-conviction court dismissed the petition on the basis that the IAD provided a statutory right, not a constitutional right and, therefore, not a proper basis for post-conviction relief.  Petitioner appealed.  Because Petitioner has failed to present an adequate record for this Court's review, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Joseph R. Howell, Jackson, Tennessee, for the appellant, George Ellis Clark.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to the pro se petition for post-conviction relief filed on August 11, 2021, Petitioner pled guilty to criminal simulation, four counts of forgery, and identity theft.  He received a sentence of three years.  Under the "grounds" for relief, Petitioner complained that the trial court lacked jurisdiction to impose a sentence on the guilty plea because of a

---

[1]  What the parties refer to as Interstate Agreement on Detainers ("IAD") is governed by the Interstate Compact on Detainers, codified in Tennessee Code Annotated, Title 40, chapter 31.

violation of the IAD. Attached to the petition is a handwritten statement in which Petitioner alleged that he filed an "IAD writ" on January 23, 2020, while in federal custody. Petitioner stated that he was transferred to the Madison County Jail on June 30, 2020, and that his arraignment was continued on July 6, 2020, because no attorney was present. The trial court appointed counsel and the case was set for September 8, 2020. Because "180 days" passed from the time Petitioner filed the "IAD writ" to his "plea cut off date," Petitioner complained that he was entitled to post-conviction relief.

The post-conviction court appointed counsel. The State filed a response and motion to dismiss the petition. In the State's response, counsel for the State indicated that the transcript of the guilty plea submission hearing was submitted. This transcript does not appear in the technical record on appeal.

The post-conviction court set the matter for a hearing on October 25, 2021. At the hearing, the parties discussed the timing of the events, and introduced the guilty plea hearing transcript and the document dated January 23, 2020 in which Petitioner "assert[ed] his rights under the [IAD]" as exhibits. Again, the guilty plea hearing transcript does not appear in the technical record presented to this Court on appeal.

At the conclusion of the hearing, the post-conviction court determined that Petitioner was not entitled to post-conviction relief because he was complaining about a statutory right rather than a constitutional right and that "sole issue alone, based upon the facts of th[e] case, is not sufficient for the [c]ourt to grant post-conviction relief." As a result, the post-conviction court dismissed the petition. Petitioner appealed.

*Analysis*

On appeal, Petitioner is challenging the post-conviction court's dismissal of his petition for post-conviction relief in which he complained that the trial court did not have jurisdiction to sentence him after his guilty plea because of a violation of the IAD. Specifically, Petitioner complained that his rights were violated because he was not brought to trial within 180 days. In reviewing the issue on appeal, this Court scoured the scant record and was unable to find the guilty plea submission form, the judgment forms, the transcript of the guilty plea, or anything, save Petitioner's own assertions, that would support his argument. It is the appellant's duty to compile the record necessary for resolution of the issues presented to an appellate court. Tenn. R. App. P. 24(b); *State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn. 2005). Petitioner has failed to present an adequate record for our review. Consequently, the appeal is dismissed.

*Conclusion*

For the foregoing reasons, the appeal is dismissed.

_____
TIMOTHY L. EASTER, JUDGE