IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 9, 2022

## STATE OF TENNESSEE v. JASON STEVEN MOLTHAN

**Appeal from the Circuit Court for Williamson County**
**No. B-CR190572    Joseph A. Woodruff, Judge**

———————————————————

### No. M2021-01108-CCA-R3-CD

———————————————————

The Defendant, Jason Steven Molthan, was convicted by a Williamson County Circuit Court jury of one count of stalking and one count of harassment. The trial court imposed consecutive sentences of eleven months and twenty-nine days at seventy-five percent service. On appeal, the Defendant argues that the trial court should have merged his convictions and that the trial court erred by failing to file a consecutive sentencing order pursuant to Tennessee Rule of Criminal Procedure 32(c). Upon our review, we conclude that the Defendant has failed to provide this Court with an adequate appellate record and has not prepared a sufficient brief. Because we cannot conduct a meaningful appellate review of his issues, we conclude that the issues are waived. We affirm the judgments of the trial court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court is Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

E. Kendall White, IV, Nashville, Tennessee, for the appellant, Jason Steven Molthan.

Jonathan Skrmetti, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Kim R. Helper, District Attorney General; and Jessica Borne, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTUAL BACKGROUND

On August 12, 2019, the Williamson County Grand Jury indicted the Defendant for one count of stalking occurring between October 16, 2018, and January 10, 2019, and for one count of harassment occurring during the same time period. The trial court permitted the Defendant to proceed *pro se*, and, on August 24, 2021, the jury convicted the Defendant of the charged offenses. The trial court imposed a sentence of eleven months and twenty-nine days for each misdemeanor conviction and ordered the sentences to be served consecutively. The judgments of conviction were filed on September 1, 2021.

Although the record does not reflect the Defendant filed a motion for a new trial, he filed a timely notice of appeal on September 17, 2021, and this Court appointed appellate counsel at the Defendant's request. Pursuant to Tennessee Rule of Appellate Procedure 24(d), appellate counsel later filed a notice that "there is no transcript or statement to be filed" and that neither the trial court nor the *pro se* Defendant provided a court reporter for the misdemeanor trial.

On appeal, the Defendant argues that his convictions for stalking and harassment should have been merged. He also contends that the trial court erred by "failing to provide a written order of the multiple sentences" pursuant to Tennessee Rule of Criminal Procedure 32(c). Because the Defendant has failed to provide this Court with an adequate appellate record and has not prepared a sufficient brief, we are prevented from conducting a meaningful appellate review of his issues. We therefore conclude that the issues are waived, and we affirm the judgments of the trial court.

## ANALYSIS

In his first issue, the Defendant argues that the trial court erred by failing to merge his convictions for harassment and stalking, which violated the principles of double jeopardy. The Defendant asserts that both convictions were "based on the same conduct and [were] subject to the same timeline[.]" He acknowledges that "both [this] Court and the [Defendant] are handicapped because the trial was not documented," but he nevertheless argues that the indictments show that "the State was relying on the same set of facts" to establish both offenses.

Our review of the appellate record reveals that not only did the Defendant fail to file a trial transcript, he also failed to file a statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(c). "What is in the record sets the boundaries for what the

appellate courts may review, and thus only evidence contained therein can be considered." *State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn. 2005). Moreover, "[w]hen a party seeks appellate review[,] there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993).

In this case, we have no basis to review the merger argument made by the Defendant, which, by its own terms, relies upon a consideration of the proof offered at trial. As such, because the record contains neither a trial transcript nor a statement of the evidence, we cannot conduct a meaningful appellate review of the Defendant's merger issue. *See State v. Anderson*, No. W2011-00139-CCA-R3-CD, 2012 WL 3871409, at *2 (Tenn. Crim. App. Sept. 5, 2012) ("[W]ithout the trial transcript, a statement of the evidence, or a transcript of the jury instructions, we are unable to discern exactly what occurred in the trial court. Thus, this failure precludes review of the issue."). This issue is waived.

In his second issue, the Defendant argues that the trial court "erred when failing to provide a written order of the multiple sentences pursuant to" Tennessee Rule of Criminal Procedure 32(c). The State responds that this issue is waived because "other than quoting the text [of the rule], the Defendant does not discuss the basis of his second claim." The State also asserts that because the Defendant did not support his contentions with arguments, citations to the record, or citations other than Tennessee Rule of Criminal Procedure 32(c), this Court has been "left to speculate . . . whether his claim about illegal sentences is based on a procedural rule, Tenn. R. Crim. P. 32, or the alleged double jeopardy violation." We agree with the State.

Tennessee Rule of Appellate Procedure 27(a)(7) requires that the appellant set forth an argument for each issue, along with "the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]" Similarly, Rule 10(b) of the Rules of this Court states plainly that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."

The Defendant does not make any argument in support of this issue in his brief, and he does not cite to any authorities or appropriate references in the record. Because of the inadequacy of the Defendant's brief, we must conclude that the Defendant has waived appellate consideration of this issue. *E.g.*, *State v. Lott*, No. M2008-02127-CCA-R3-CD, 2010 WL 565664, at *4 (Tenn. Crim. App. Feb. 18, 2010) ("Appellant also makes a cursory statement that her sentences should have been run concurrently rather than consecutively. Appellant includes no argument or citations to authority to support the statement. . . .

Because Appellant has failed to cite any authority for this claim, it is waived." (citing *State v. Sanders*, 842 S.W.2d 257 (Tenn. Crim. App. 1992); Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b))).

## CONCLUSION

For the foregoing reasons, we cannot conduct a meaningful appellate review of the Defendant's issues. As such, we affirm the judgments of the trial court.

_____
TOM GREENHOLTZ, JUDGE