**UNITED STATES of America, Plaintiff,**

v.

**Leon COATS, Defendant.**

No. 02–20128 B.

United States District Court, W.D. Tennessee, Western Division.

Jan. 14, 2004.

---

Stephen P. Hall, United States Attorney's Office, Memphis, TN, for Plaintiff.

Michael Edwin Scholl, The Scholl Law Firm, Memphis, TN, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

BREEN, District Judge.

In a one-count indictment, the defendant, Leon Coats, has been charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Coats has filed a motion to suppress evidence, specifically, the firearm, obtained during a search of his vehicle. The court conducted an evidentiary hearing on December 18, 2003, at the conclusion of which the court permitted the parties to file post-hearing briefs. Upon a thorough review of the transcript of the proceedings as well as the submissions of the parties, the motion to suppress is hereby DENIED.

On January 9, 2002, Patrolman Joseph French of the Memphis Police Department was working the city's southeast precinct in a marked police vehicle when he and his partner observed a Chevrolet Silverado pickup traveling eastbound on Third Street with an expired license plate. A traffic stop was initiated and French approached the driver's side the vehicle. He asked the driver for his driver's license and vehicle registration. Rather than produce a license, the driver, identified as the defendant, gave the officer a state identification card and advised that his driver's license had been suspended. At that point, the officer asked the defendant to exit the vehicle and placed him in the back of his squad car.

After receiving radio confirmation of the suspended status of Coats's driver's license, French's partner began to search the driver's area of the pickup where Coats had been sitting. He recovered a hand gun hidden under a coat on the front bench seat just next to the driver's portion of the seat. The officers ran the weapon's serial number through the police department's computer system and were advised that it had been taken in a robbery.

French testified at the hearing that Coats was under arrest and not free to leave from the time the officers verified the suspension of his driver's license. The officers contacted their superior and were instructed to transport Coats, who was by then handcuffed, to the department's robbery bureau at 201 Poplar Avenue, where he was interviewed and gave a statement to one of the bureau's investigating officers. Upon completion of the interview, French issued to the defendant a citation in lieu of continued custody for driving with a suspended license, unlawful possession of a weapon and violation of the vehicle registration law. *See* Tenn.Code Ann. § 40-7-118.[1]

 In his post-hearing memorandum, the defendant argues that the search of his vehicle pursuant to a traffic citation was in violation of the Constitution. The Fourth Amendment guarantees that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "Generally, this means that, with some specifically delineated exceptions, every governmental search and seizure must be made pursuant to a warrant." *United States v. Taylor*, 248 F.3d 506, 511 (6th Cir.), *cert. denied*, 534 U.S. 981, 122 S.Ct. 414, 151 L.Ed.2d 315 (2001). One of those exceptions is a search incident to arrest. *See Chimel v. California*, 395 U.S. 752, 763–64, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969).

When conducting a search incident to arrest, police may search items within the "immediate control" of the person arrested. The Supreme Court has construed the area within a person's immediate control to include the area from which he might gain possession of a weapon or destructible evidence.

However, the right to search an item incident to arrest exists even if that item is no longer accessible to the defendant at the time of the search. So long as the defendant had the item within his immediate control near the time of his arrest, the item remains subject to a search incident to arrest. *Northrop v. Trippett*, 265 F.3d 372, 379 (6th Cir.2001), *cert. denied*, 535 U.S. 955, 122 S.Ct. 1358, 152 L.Ed.2d 354 (2002) (citing *Chimel*, 395 U.S. at 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 and *New York v. Belton*, 453 U.S. 454, 461–62 n. 5, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)) (internal quotation marks omitted)..

In support of his position, the defendant relies on the Supreme Court's decision in *Knowles v. Iowa*, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998). In *Knowles*, the defendant was stopped by an Iowa police officer for speeding. The officers issued a citation, even though under Iowa law Knowles could have been arrested. *Knowles*, 525 U.S. at 114, 119 S.Ct. at 486. The officer then conducted a full search of the defendant's vehicle, finding a bag of marijuana and a "pot pipe." *Id.*, 119 S.Ct. at 486. At that point, Knowles was arrested on state drug charges. *Id.*, 119 S.Ct. at 486. With respect to the applicable Iowa statutes, the Court stated as follows:

Iowa Code Ann. § 321.485(1)(a) (West 1997) provides that Iowa peace officers having cause to believe that a person has violated any traffic or motor vehicle equipment law may arrest the person

---

1. Although under Tenn.Code Ann. § 40-7-118 an officer must issue a citation in the case of most misdemeanors instead of making a custodial arrest, in the case of driving on a revoked license, an officer has the discretion to either issue a citation or arrest the offending party. *See* Tenn.Code Ann. § 40-7-118(b)(3)(C).

and immediately take the person before a magistrate. Iowa law also authorizes the far more usual practice of issuing a citation in lieu of arrest or in lieu of continued custody after an initial arrest. See Iowa Code Ann. § 805.1(1) (West Supp.1997). Section 805.1(4) provides that the issuance of a citation in lieu of an arrest "does not affect the officer's authority to conduct an otherwise lawful search." The Iowa Supreme Court has interpreted this provision as providing authority to officers to conduct a full-blown search of an automobile and driver in those cases where police elect not to make a custodial arrest and instead issue a citation-that is, a search incident to citation.

*Id.* at 115, 119 S.Ct. at 486–87 (internal footnotes omitted). The Court determined that, while the search may have been authorized by Iowa law, it violated the Fourth Amendment, as the search did not satisfy the rationales for the search incident to arrest exception-(1) the need to disarm the defendant in order to take him into custody and (2) the necessity to preserve evidence for trial. *Id.* at 117, 119 S.Ct. at 487.

■ The fact situation before this court is fundamentally different from that in *Knowles.* The case cited by the defendant addresses the appropriate basis for a "search incident to citation." Here, the search was conducted incident to an actual arrest, as Coats was under custodial arrest prior to commencement of the search. The uncontroverted testimony at the suppression hearing revealed that immediately after Coats informed the officers that his license was suspended, the officers placed him in the back of their squad car from which he could not exit and, thus, he was not at that point free to leave. It is also undisputed that the firearm Coats seeks to suppress, found just next to where he was sitting on the front bench seat of the pickup, was clearly within his immediate control near the time of his arrest. Counsel for defendant's efforts to characterize the incident as a routine traffic stop for expired license plates during which Coats was issued a citation and sent on his way is simply not supported by the evidence. Consequently, *Knowles* has no application to this case.

■ Coats does not argue that his license was not revoked or that the officers were not permitted to arrest him therefor. Rather, he focuses on the citation itself, which he argues at various points in his brief was a "citation in lieu of placing him in a custodial arrest." (Mem. in Supp. of Def.'s Mot. to Suppress Physical Evid. and Stmt. at p. 2.) Accordingly, he suggests, he was not "arrested" at the time of the search. However, a review of the citation, a copy of which was entered as an exhibit at the hearing, supports a finding that the defendant was in fact arrested. The document is entitled "Misdemeanor Citation *in Lieu of Continued Custody of Arrested Person* " and, thus, by its terms contemplates that the person receiving it has *already* been placed under arrest. *See* Tenn.Code Ann. § 40–7–118(b)(1). Coats affixed his signature to a notice on the bottom of the document indicating that he agreed to appear for processing and a hearing on the matter and that "[f]ailure to appear in court on the date assigned by this citation or at the appropriate police station for booking and processing will result in your arrest for a separate criminal offense which is punishable by a jail sentence of eleven (11) months twenty-nine (29) days and/or a fine of up to two thousand five hundred dollars ($2,500)."

Based on the evidence, the court finds that Coats was arrested when the officers received verification of the suspension of his driver's license while he was placed in the back seat of the patrol car. At that point, the officers were permitted to search his vehicle incident to that arrest.

Accordingly, the defendant's motion to suppress is DENIED.