# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 6, 2014

## STATE OF TENNESSEE v. PAUL EPPS

**Appeal from the Circuit Court for Fayette County**
**No. 12-CR-24      Honorable J. Weber McCraw, Judge**

---

**No. W2013–02194-CCA-R3-CD  - Filed June 12, 2014**

---

The Defendant, Paul Epps, appeals the trial court's revocation of his probation and reinstatement of his original two-year sentence in the Department of Correction. On appeal, the Defendant argues that the record does not contain substantial evidence to show that a violation of probation occurred and that the trial court erred in failing to consider a disposition other than incarceration after revoking his probation. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Kari I. Weber, Somerville, Tennessee, for the Defendant-Appellant, Paul Epps.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Mike Dunavant, District Attorney General; and Mark Davidson, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On June 15, 2012, the Defendant was convicted of burglary of an automobile and theft of property valued under $500. He received a sentence of two years, which was suspended to probation. On June 24, 2013, a violation of probation report was issued, alleging that the Defendant had violated the conditions and rules of his probation on May 17, 2013, by: (1) failing to obey the laws of the United States, or any State, in which he may be, as well as any municipal ordinances, in violation of Rule 1; and (2) failing to report his new charge of committing theft of property valued under $500, in violation of Rule 2.

At the August 30, 2013 revocation hearing, the State called Probation Officer Kevin Smith as its sole witness. Officer Smith testified that he began supervising the Defendant when he was placed on probation on June 15, 2012. He testified that the Defendant signed a probation order at the outset of his probation period, which provides, inter alia, that the probationer will "obey the laws of the United States, or any State in which [he] may be," and "will report all arrests, including traffic violations immediately, regardless of the outcome, to [his] probation officer." Officer Smith testified that he routinely met with the Defendant and that the Defendant never reported any arrests to him. He learned about the Defendant's citation for theft of property under $500 via a computerized system that notifies probation officers when an individual on the officer's caseload is arrested or processed by a law enforcement agency. Officer Smith testified that he did not "directly ask" the Defendant about the theft of property charge but that after the citation was issued, the Defendant answered "no" on two separate reporting forms when asked whether he had been "arrested or questioned by the police since [he] last reported." On cross-examination, Officer Smith agreed that other than his failure to report the theft charge, the Defendant had "generally reported as directed."

Following the hearing, the trial court found that the Defendant violated the terms of his probation based on his failure to report his new charge for theft of property under $500. The court revoked the Defendant's suspended sentence and imposed the original term of confinement with credit for time served. The Defendant filed a timely notice of appeal.

**ANALYSIS**

On appeal, the Defendant challenges the trial court's revocation of probation and reinstatement of his original sentence. He argues that the State failed to present sufficient evidence at the hearing to support the trial court's decision to revoke. Additionally, he argues that if revocation was warranted, the trial court erred in ordering him to serve the remainder of his sentence in incarceration. The State responds that the trial court properly revoked the Defendant's probation and acted within its wide discretion in ordering confinement. We agree with the State.

After determining that a defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with § 40-35-310." T.C.A. § 40-35-311(e)(1)(A) (2010). Probation revocation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent an abuse of that discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, the defendant

must show "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Harkins, 811 S.W.2d at 82 (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)).  Once the trial court decides to revoke a defendant's probation, it may (1) order confinement; (2) order the sentence into execution as initially entered, or, in other words, begin the probationary sentence anew; (3) return the defendant to probation on modified conditions as necessary; or (4) extend the probationary period by up to two years.  See State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); State v. Larry Lee Robertson, No. M2012-02128-CCA-R3-CD, 2013 WL 1136588, at *2 (Tenn. Crim. App. Mar, 19, 2013); State v. Christopher Burress, No. E2012-00861-CCA-R3-CD, 2013 WL 1097809, at *6 (Tenn. Crim. App. Mar. 18, 2013), perm. app. denied (Tenn. July 10, 2013); T.C.A. §§ 40-35-308, -310, -311 (2010).

As an initial matter, the Defendant contends that he did not have a new arrest that he failed to report, and therefore, he did not violate the conditions of his probation.  Without citing any legal authority, the Defendant argues that because he was issued a misdemeanor citation, he was not arrested and did not have to report the incident to his probation officer. We disagree.  Tennessee Code Annotated section 40-7-118(b)(1) (2010) provides that "[a] peace officer who has arrested a person for the commission of a misdemeanor committed in the peace officer's presence, . . . shall issue a citation to the arrested person to appear in court in lieu of the continued custody[.]" (emphasis added).  Thus, by its very terms, the statute "contemplates that the person receiving [the citation] has already been placed under arrest." See United States v. Coats, 335 F. Supp. 2d 871, 874 (W.D. Tenn. 2004) (citing T.C.A. § 40-7-118(b)(1)).  Further, the document itself, which was signed by the Defendant, is entitled "Misdemeanor Citation in Lieu of Continued Custody," and states at the bottom of the document that the defendant agrees to appear for processing and a hearing on the matter and that "[f]ailure to appear in court on the date assigned by this citation or at the appropriate police station for booking and processing will result in your arrest for a separate criminal offense[.]"  It is clear that the Defendant was arrested for theft of property and was required to report the incident to his probation officer per the rules of his probation.[1]

The Defendant next asserts that regardless of whether he was arrested, the State failed to present sufficient evidence to establish that he violated the conditions of his probation.

_____

[1] The Defendant notes that the State failed to "formally introduce" the misdemeanor citation into evidence at the hearing; however, the citation was included in the technical record as part of the probation violation report submitted by Officer Smith. The citation was obviously reviewed and considered by the trial court since it issued the revocation warrant, and therefore, is properly considered on appeal. See State v. Sandra Davidson, No. M2008-01260-CCA-R3-CD, 2009 WL 1162730, at *3 (Tenn. Crim. App. April 30, 2009) (citing State v. Bobadilla, 181 S.W.3d 641, 644 (Tenn. 2005)).

To establish a violation of probation, the State must offer proof by a preponderance of the evidence. See T.C.A. § 40-35-311(e) (2010). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." Harkins, 811 S.W.2d at 82 (Tenn. 1991) (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)). In the instant case, Officer Smith's testimony is sufficient to establish that the Defendant violated a condition of his probation, namely failure to report his new arrest. At the revocation hearing, Officer Smith testified that the Defendant did not report his new arrest and that he learned about the Defendant's arrest via a computerized system used to notify probation officers when one of their probationers is arrested or processed by a law enforcement agency. He further testified that the Defendant actively concealed the arrest by answering untruthfully on two separate reporting forms filled out several weeks after the arrest. The Defendant did not offer any evidence at the revocation hearing to refute Officer Smith's testimony or establish that he did report his arrest. Accordingly, we discern no abuse of discretion by the trial court in revoking the Defendant's probation.

In his final contention, the Defendant argues that if revocation was warranted, the trial court abused its discretion by ordering him to serve his sentence in confinement. He maintains that he demonstrated compliance with the conditions of probation in all other respects and thus the court should have considered reinstating his probation. However, it is well-established that once the trial court determined that the Defendant violated the terms of his probation, it was authorized to order the Defendant to serve his sentence in custody. Hunter, 1 S.W.3d at 647 (citing T.C.A. § 40-35-310). Moreover, this court has repeatedly held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), perm. app. denied (Tenn. June 28, 1999). Based on the record, we cannot conclude that the trial court abused its discretion in ordering the Defendant to serve the balance of his original sentence in confinement. He is not entitled to relief.

## CONCLUSION

Based upon the foregoing authorities and analysis, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE

-4-